[No. 27064. Department One. June 27, 1938.]

FRANK B. TERRILL, *Respondent,* v. THE CITY OF TACOMA et al., *Defendants,* MARIE B. RAE, *Appellant.*[1]

*John T. McCutcheon* and *E. K. Murray,* for appellant.

*Reuben C. Carlson* and *Hayden, Metzger & Blair,* for respondent.

[1]Reported in 80 P. (2d) 858.

Simpson, J.—This suit was instituted in the superior court to restrain the city of Tacoma and its officials from checking and verifying the sufficiency of signatures to a referendum petition on city ordinance No. 11459, granting a bus franchise.

The respondent herein, petitioner in the superior court, contended in his complaint that the petition was not filed a sufficient length of time before the expiration of the thirty day period after the publication of the ordinance prescribed by the city charter, to allow a verification of the signatures thereon to refer the ordinance to a vote of the people; that the authority to grant the franchise was vested in the city council, and was not subject to referendum.

The city and its officials generally denied the allegations of the complaint and asked that the suit be dismissed.

Appellant Marie B. Rae, during the progress of the trial, moved to be allowed to intervene as a defendant, to which motion there was no objection, and it was accordingly granted, whereupon she filed an answer adopting the answer filed by the city of Tacoma.

Upon a trial to the court, a judgment was entered in favor of respondent, enjoining the city and its officials from proceeding further with the referendum petition. Intervener Marie B. Rae prosecutes this appeal.

The respondent moves to dismiss the appeal on the ground that the intervener appellant has no appealable interest in the cause. This motion must be granted.

It is true that, at the time appellant asked to intervene, counsel for the city said he thought the intervener was a proper party, and the attorney for respondent said he did not resist her motion to intervene. However, such assent on the part of counsel could not give to appellant any right not given her by law. It was necessary for her to show by evidence that she had

an interest in the subject matter of the suit. She introduced no testimony to show her interest. It does not appear from the record that she is a resident of Tacoma nor interested in any way in the ordinance or the success of the recall petition. No judgment was rendered against her. Her appeal is not made on behalf of the city council or the officials of the city of Tacoma, nor does the record disclose any demand upon her part to the city of Tacoma requesting the city council to appeal from the decision of the superior court. Her interest, as far as the record discloses, is left entirely to speculation.

The right of a party to appeal from a decision of the superior court in our state is governed by Rem. Rev. Stat., § 1716 [P. C. § 7290]. That section provides that an appeal can only be taken by the party aggrieved. In order to prosecute an appeal, it must be shown that the party appealing has a substantial interest in the subject matter of the action and is affected or injured by the judgment of the trial court.

In the case of *Hilzinger v. Gillman*, 56 Wash. 228, 105 Pac. 471, it appears that an action was instituted by the city council to enjoin the city comptroller as *ex-officio* clerk of the city of Everett from certifying to the city council that a certain electors' petition was sufficient and in conformity with the provisions of the charter. One who was a taxpayer and elector was allowed to intervene. Speaking upon the question of the right of the intervener to prosecute his action, this court said:

"The appellant first contends that the intervener has no such 'interest in the matter in litigation' as to entitle him to intervene under the provisions of Ballinger's Code, § 4846. We think he is right in this contention. Without undertaking to define in what cases a party may intervene, we are satisfied that an elector and taxpayer has no such interest in the matter in

litigation in this case as to warrant an intervention. There is no allegation in his petition that the comptroller will not appear and defend the action. In *Westland Publishing Co. v. Royal,* 36 Wash. 399, 78 Pac. 1096, a suit against a school district upon an alleged contract, it was held that a resident and a taxpayer in the school district could not intervene."

In the case of *Elterich v. Arndt,* 175 Wash. 562, 27 P. (2d) 1102, it appeared that an action was brought on the relation of taxpayers for an injunctive relief against Clallam county and its treasurer and board of commissioners to prevent the letting of a contract for the construction of a county bridge. Arndt, one of the members of the board of county commissioners, appeared separately in the trial court. He then appealed from the trial court's order granting the injunction "as a member of the board of county commissioners of Clallam county, Washington, and as an individual." A motion was made to dismiss his appeal, and in granting that motion we said:

"The record fails to disclose that, as an individual, the appellant has a substantial interest in the subject matter of the litigation, or that, as an individual, he was aggrieved or prejudiced by the temporary restraining order. A person can have no standing to appeal unless he has a substantial interest in the subject matter of the litigation and is aggrieved or prejudiced by the judgment or decree.

" 'And not only must a party desiring to appeal have an interest in the particular question litigated, but his interest must be immediate and pecuniary, and not a remote consequence of the judgment. . . .

" 'In addition to the requirement of a substantial interest in the subject-matter of the litigation, it is essential, in order that a person may appeal or sue out a writ of error, that he shall be aggrieved or prejudiced by the judgment or decree; appeals are not allowed for the purpose of settling abstract questions, however interesting or important to the public generally, but only to correct errors injuriously affecting the appel-

lant. The record must show that the party complaining was aggrieved by the judgment, as a reviewing court cannot hear evidence to determine that question. The damage or grievance which entitled a party to a writ of error or an appeal, within this rule, must be a direct and positive one, effected by the judgment concluding and acting upon his rights; and such damage must be by the record, and not in consequence of it. Persons aggrieved, in this sense, are not those who may happen to entertain desires on the subject, but only those who have rights which may be enforced at law, and whose pecuniary interests might be established in whole or in part by the decree; in other words, the mere fact that a person is hurt in his feelings, wounded in his affections, or subjected to inconvenience, annoyance, discomfort, or even expense by a decree, does not entitle him to appeal from it, so long as he is not thereby concluded from asserting or defending his claims of personal or property rights in any proper court.' 2 R. C. L. p. 52.

"The appeal of Arndt as a member of the board of county commissioners can not be maintained. Injunctive relief was sought against the county treasurer and against the *board of county commissioners* as a legal entity; and a temporary restraining order was granted enjoining the county treasurer and the defendants Keeler, Draper and Arndt, 'as the *board of county commissioners.*' The county treasurer and the board of commissioners acquiesced in the ruling of the court. Only Arndt appealed. That he was permitted, over objection of respondents, to separately appear in the trial court, does not entitle Arndt, as a member of the board, against which injunctive relief was sought and granted, to maintain this appeal. The appeal, not having been taken or authorized by the board in its official capacity, but by only one member thereof, is a nullity."

The rule concerning the question of the right of appeal as presented in the case at bar is set out in 2 Am. Jur., Appeal and Error, 941, 943, §§ 150 and 152, as follows:

"A cardinal principle which applies alike to every person desiring to appeal, whether a party to the record or not, is that he must have an interest in the subject-matter of the litigation. His interest must be immediate and pecuniary, and not a remote consequence of the judgment; a future, contingent, or speculative interest is not sufficient.

"The interest must also be substantial; a merely nominal party to the action cannot appeal."

"In addition to the requirement of a substantial interest in the subject-matter of the litigation, it is essential, in order that a person may appeal or sue out a writ of error, that he shall be aggrieved or prejudiced by the judgment or decree. Appeals are not allowed for the purpose of settling abstract questions, however interesting or important to the public generally, but only to correct errors injuriously affecting the appellant."

The appeal is dismissed.

HOLCOMB, MAIN, BLAKE, and GERAGHTY, JJ., concur.