[No. 30939. Department One. October 21, 1949.]

C. H. SHEETS *et al.*, *Appellants*, v. BENEVOLENT AND PROTECTIVE ORDER OF KEGLERS, *Respondent*.[1]

[1]Reported in 210 P. (2d) 690.

*A. O. Colburn, Joseph A. Simpson,* and *Moe & Huse,* for appellants.

*Geo. W. Young,* for respondent.

SCHWELLENBACH, J.—This is an appeal from a portion of an order entered in a show cause proceeding.

Benevolent and Protective Order of Keglers (hereinafter referred to as Lodge No. 1) was incorporated August 14, 1939, as a nonprofit corporation, with its headquarters in Spokane. The original purpose of the organization was to provide a place of recreation for local and visiting bowlers.

Grand Lodge of the Benevolent and Protective Order of Keglers of America (hereinafter referred to as Grand Lodge) was incorporated August 18, 1941, with its headquarters at Spokane. Usually the same men acted as officers of both lodges.

In January, 1948, the manager of Lodge No. 1 was convicted in the superior court of Spokane county as a common gambler, after a witness had testified that he lost in excess of forty-four thousand dollars in gambling games at the club. See *State v. Gross,* 31 Wn. (2d) 202, 196 P. (2d) 297.

At a meeting of the membership of Lodge No. 1, held December 8, 1947, a committee was appointed to investigate charges made against the lodge, its directors, officers, and activities. The report of this investigating committee was read and approved at a meeting held January 19, 1948. A motion was then made and carried to declare the offices of all elective officials vacant, because of dereliction of duty. The by-laws were amended, and certain other members were elected as officers. The action taken at the meeting required all banks holding funds of Lodge No. 1 to turn over such funds to the new officers. The lodge also decided to employ counsel; to demand from the certified public accountant all books, records, and accounts; to change all locks and to take over all assets. The old officers refused; police were called; and it was finally agreed that both sets

of officers would act as joint custodians until the controversy could be settled in the courts.

This action, cause No. 120946, was then commenced by the old officers, Kinsey M. Robinson, Dr. N. McGilchrist, Welland B. Cooley, H. H. Higgins, and C. H. Sheets against the new officers and directors, Marcel Donais, Peter Riley, Earl Deery, Don Agostino, Dale Schuster, W. H. Harder, C. L. Bullington, Luke Myer, Harry Rawson, and George Lareida, Jr. The complaint alleged that the meeting of January 19, 1948, was illegal and void and not permitted by the by-laws of the Grand Lodge and of Lodge No. 1. It prayed that the defendants be permanently enjoined from acting as officers of the latter organization.

By the time the matter came on for hearing before Honorable Joseph Wicks, on April 24, 1948, the parties had agreed that the board of trustees of Lodge No. 1 should be composed of five members, two selected from the plaintiffs, two from the defendants, and the fifth member to be selected by the four chosen. This action had been approved by the membership. The court thereupon entered a decree reciting that the trustees were George Lareida, Jr., Luke Myer, Dr. N. McGilchrist, H. H. Higgins, and Earl Deery; that D. E. Agostino and Ernie Redford were the secretary and treasurer, respectively. The decree further provided that the foregoing trustees and officers, and no others, should be the duly constituted officers and trustees of Lodge No. 1, and as such, qualified to conduct its business and hold its property.

But this did not settle the controversy. On May 28, 1948, Lodge No. 1 passed a resolution disassociating itself from the Grand Lodge. On July 31, 1948, W. B. Cooley, George Kosmos, and C. H. Sheets, acting as officers of the Grand Lodge, issued an order suspending the charter of Lodge No. 1 and the membership of Lareida, Myer, Higgins, McGilchrist, and Deery (appointed as trustees by the decree of April 24, 1948), and canceling the meeting of Lodge No. 1, called for August 2, 1948.

Sheets and Cooley then commenced an action in Spokane county, cause No. 122452, on behalf of the Grand Lodge, against Lodge No. 1 and its trustees, and caused to have issued a restraining order and order to show cause against the named defendants.

The defendants in this action (cause No. 120946) obtained an order directing Sheets and Cooley to show cause why they should not be adjudged in contempt for instituting cause No. 122452; to show cause why they should not be ordered and directed to have cause No. 122452 dismissed; and to show cause whereby the court could determine their authority to commence an action for and on behalf of the Grand Lodge. At the hearing on this show cause order (which is the subject of this appeal), Honorable Joseph Wicks presided.

The judgment decreed that Sheets and Cooley be held not to be in contempt; that Sheets and Cooley separately and in their capacities as officers of the Grand Lodge be perpetually enjoined and restrained from maintaining and further prosecuting cause No. 122452; and further, that Sheets and Cooley and the Grand Lodge and its officers be perpetually enjoined from bringing, or causing to be brought, any action having for its purpose, or which would have the effect of, nullifying, altering, amending, or destroying the decree made April 24, 1948.

No objection is made to the above portion of the judgment. However, appellants Sheets and Cooley and the Grand Lodge are appealing from the following part thereof:

"The court . . . does

"ORDER, ADJUDGE AND DECREE that the plaintiff corporation and the Grand Lodge of the Benevolent and Protective Order of Keglers of America are two separate and distinct Washington corporations, having no relation to each other;"

Rem. Rev. Stat., § 1716 [P.P.C. § 5-1], provides that "any party aggrieved may appeal to the supreme court. . . ."

Are appellants Sheets and Cooley aggrieved by that portion of the judgment from which they are appealing?

The rule is stated in 4 C. J. S. 356, Appeal and Error, § 183 b. (1):

"In legal acceptation a party or person is aggrieved by a judgment, order, or decree, so as to be entitled to appeal or sue out a writ of error, whenever it operates prejudicially and directly upon his property or pecuniary rights or interest, or upon his personal rights, and only when it has such effect. The word 'aggrieved' in a statute, it has been held, refers to a substantial grievance, a denial of some personal or property right, legal or equitable, or the imposition upon a party of a burden or obligation; and a party or persons 'aggrieved' has been variously defined. To render a party aggrieved by an order, so as to entitle him to appeal therefrom, the right invaded must be immediate, not merely some possible, remote consequence."

In *State ex rel. Simeon v. Superior Court*, 20 Wn. (2d) 88, 145 P. (2d) 1017, we said:

"The general rule, under a statute like ours, is that no one can appeal to an appellate court unless he has a substantial interest in the subject matter of that which is before the court and is aggrieved or prejudiced by the judgment or order of the court. Some personal right or pecuniary interest must be affected. The mere fact that one may be hurt in his feelings, or be disappointed over a certain result, or feels that he has been imposed upon, or may feel that ulterior motives have prompted those who instituted proceedings that may have brought about the order of the court of which he complains, does not entitle him to appeal. He must be 'aggrieved' in a legal sense. *Elterich v. Arndt*, 175 Wash. 562, 27 P. (2d) 1102; *Terrill v. Tacoma*, 195 Wash. 275, 80 P. (2d) 858."

These two appellants could have been aggrieved at that portion of the judgment restraining them from maintaining cause No. 122452, but they are not appealing from that portion. As to the portion appealed from, it is no denial of a personal or property right to them as individuals; nor does it impose upon them, as individuals, a burden or obligation. They, as individuals, are just simply not damaged by the portion of the judgment appealed from.

In considering the appeals of appellants Sheets and Cooley, it has been necessary to determine whether or not they are *aggrieved* parties under the statute. In considering the appeal of appellant Grand Lodge, we must deter-

mine whether or not it was an aggrieved *party*. It must be remembered that appellant Grand Lodge was not a party to the hearing before the trial court.

 "The general rule is that no one can appeal from the judgment, order, or decree, or bring a writ of error to review it, unless he is a party to the proceedings below, or unless he is a legal representative of a party, or his privity of estate, title, or interest appears from the record." 4 C. J. S. 346, Appeal and Error, § 170.

In *State v. Fair*, 35 Wash. 127, 76 Pac. 731, 102 Am. St. 897, in dismissing an appeal by witnesses from an order disallowing their fees, this court said:

"Our statutes provide that, 'any *party* aggrieved may appeal to the supreme court in the mode prescribed in this title, . . .' (Laws 1901, p. 28); that 'any *party* aggrieved by the taxation of costs by the clerk of the court may, upon application, have the same retaxed by the court in which the action or proceeding is had.' (Bal. Code, § 5185, Pierce's Code, § 1122); and that 'the party commencing the action shall be known as the plaintiff and the opposite party the defendant' (Bal. Code, § 4794, Pierce's Code, § 251). As these so-called appellants were not parties to the action at any stage of the proceeding, it seems clear to our minds that they were not authorized by law to prosecute an appeal from any order or judgment made or rendered by the court therein. They were simply witnesses at the trial of the cause, and were therefore in no sense parties to the action, or to the ruling of the court rejecting their claim for witness fees."

Appellant Grand Lodge was not a party to the action. It is therefore not a "party aggrieved" under the statute, and has no right to appeal.

None of the appellants having the statutory right to appeal, the appeal is dismissed.

SIMPSON, C. J., BEALS, GRADY, and DONWORTH, JJ., concur.