[No. 466-3.  Division Three.  July 19, 1972.]

DONALD I. TEMPLE et al., *Respondents*, v. FRANK J. FEENEY et al., *Defendants*, RUSSELL B. SWARTZ & ASSOCIATES, INC., *Appellant*.

*L. W. Kahn*, for appellant.

*K. D. Peterson* (of *Milne & Peterson*), for respondents.

EVANS, J.—This is an appeal from a judgment granting rescission of a real estate contract wherein plaintiffs Mr. and Mrs. Temple purchased a motel in Soap Lake, Washington from defendants Mr. and Mrs. Feeney and Mr. and Mrs. Wallace. Defendants Feeney and Wallace dismissed their appeal and the sole appellant is Russell B. Swartz & Associates, Inc., hereinafter referred to as Swartz, the real estate broker who arranged the sale.

Plaintiffs read an ad in the August 23, 1970 Seattle Post-Intelligencer advertising an Eastern Washington motel for sale and contacted defendants and appellant. Shortly there-

after an agent of appellant Swartz drove plaintiffs from Seattle to Soap Lake for a cursory inspection of the motel.

Upon their return from Soap Lake earnest money agreements for purchase of the motel were drawn and, on or about September 4, 1970, the final papers were signed. The final agreement called for plaintiffs to transfer real property they held in King, Jefferson and Snohomish counties as partial payment of the purchase price of the motel. The real estate commission of Swartz was in the form of interests in the property of plaintiffs being traded in, and was received directly from plaintiffs to avoid additional excise tax and expense to the sellers.

After operating the Soap Lake motel for several months plaintiffs concluded that the condition of the motel and the profits therefrom were not as represented. Alleging they had been fraudulently induced by defendants, including appellant Swartz, to purchase the motel, plaintiffs brought an action in Grant County for rescission of the real estate contract. After 2 days of trial, by stipulation of the parties and for convenience of the court, venue was changed to Chelan County. The trial court found representations with respect to the physical condition of the motel, representations with respect to the income and expenses of the motel, failure to reveal the motel's past performance, and a purposeful effort to keep the books and records from plaintiff all to have been fraudulent practices by defendants, used to induce the sale. Rescission of the real estate contract was granted. Defendant-appellant Swartz and his agents were found to have taken an active part in the fraudulent misrepresentations. Having lost his sales commission, Swartz appeals.

A preliminary issue is whether Swartz has any appealable interest. He was merely the real estate agent for the defendant sellers of the Soap Lake Motel, and they have chosen not to appeal the judgment. Nevertheless, we find Swartz to have a sufficient appealable interest under the particular facts in this case.

■ One who is an aggrieved party under a lower court ruling may appeal therefrom. CAROA 14. To be deemed to have such an appealable interest one must qualify as a party. Swartz was a party to the trial court proceedings. He was specifically named as a codefendant in the original summons and complaint. He filed an answer and took an active part in the proceedings.

The lower court judgment also directly and substantially affected appellant's property, pecuniary and personal rights, and thereby qualified him as an *aggrieved* party. *See Sheets v. Benevolent & Protective Order of Keglers*, 34 Wn.2d 851, 210 P.2d 690 (1949). The fact that appellant had an interest sufficient to be made an active party to the action is at least some indication that he also has a sufficient interest to appeal the adverse judgment. *See State ex rel. Race v. Cranney*, 30 Wash. 594, 71 P. 50 (1902). The particular facts of this case support this conclusion. The trial court's determination in its oral opinion that Swartz took part in fraudulent inducements was particularly damaging to him. Pursuant to the judgment granting rescission of the contract, appellant also was required to transfer title to King, Snohomish and Jefferson county real estate which he had received as payment for his commission. Having title in real estate is a substantial interest, and having that interest removed is a substantial aggrievement. We conclude appellant Swartz is entitled to the basic right of review of the judgment insofar as it directly affects him.

Appellants first contend that the commencement of this action in Grant County, Washington was improper and the trial court did not acquire jurisdiction to hear the case. The Soap Lake motel purchased by plaintiffs was located in Grant County and the real property they exchanged for the motel was located in Jefferson, King and Snohomish counties. Appellant contends that because the relief sought by the plaintiff was the return of the real estate in King, Jefferson and Snohomish counties, the action should have been commenced in one of these counties.

■ In this state actions to set aside fraudulent conveyances of land are local actions and, therefore, are to be commenced in the county where the land is located. *Ryckman v. Johnson,* 190 Wash. 294, 67 P.2d 927 (1937); *State ex rel. Hamilton v. Superior Court,* 200 Wash. 632, 94 P.2d 505 (1939). The action here in question to rescind a contract calling for the exchange of real estate on the basis of fraud is such an action. *See Wilson v. Mills,* 91 Wash. 71, 157 P. 467 (1916). It can be classified as an action affecting the title to real estate. RCW 4.12.010 specifies the proper place for commencement of such local actions, stating:

> Actions for the following causes shall be commenced in the county in which the *subject of the action, or some part thereof,* is situated:
>
> (1) For the recovery of, for the possession of, for the partition of, for the foreclosure of a mortgage on, or for the determination of all questions affecting the title, or for any injuries to real property.

(Italics ours.) Appellant's contention—that the subject of the action was only the real estate located in King, Jefferson and Snohomish counties that plaintiffs wanted returned —has no merit under the particular circumstances of this case.

The Soap Lake motel located in Grant County is at least as much "the subject of the action, or some part thereof" as any of the other real estate involved in the case. The primary purpose for the real estate contract here in question was to sell the Soap Lake motel to plaintiffs. The real property transferred to defendants can be classified as merely part of the purchase price of the motel. The real subject of the action is the motel itself and whether or not fraudulent inducements were involved in the sale thereof. The entire record shows that the exclusive disputed issue was the legality of the sale of the Soap Lake motel. Consequently, the motel in Grant County was "the subject of the action" or at the very least "some part thereof." Com-

mencement of the action in Grant County was, therefore, proper.[1]

Appellant's remaining assignment of error is stated as follows:

> The trial court errored in making Findings of Fact and Conclusions of Law and entering a Judgment of Rescission against Appellant on the basis that the Appellant had perpetrated actual and constructive fraud; said Findings, Conclusions and Judgment being in no way supported by the evidence.

The findings of the trial court which appellant challenges are not otherwise identified and are not set out verbatim in his brief, as required by CAROA 43. For this reason the findings of fact made by the court must be accepted as the established facts of the case. CAROA 43; *Coons v. Coons*, 6 Wn. App. 123, 491 P.2d 1333 (1971). Findings as entered by the trial court support the trial court's conclusion that appellant had perpetrated actual and constructive fraud.

Judgment affirmed.

MUNSON, C.J., and GREEN, J., concur.

Petition for rehearing denied August 28, 1972.

Review denied by Supreme Court October 12, 1972.

---

[1]Another statute, RCW 2.08.210, dealing with superior court venue and process requires:

> That all actions for the recovery of the possession of, quieting the title to, or for the enforcement of liens upon, real estate, shall be commenced in the county in which the real estate, or any part thereof, affected by such action or actions is situated.

Assuming, without deciding, that this language applies to a suit seeking rescission of a real estate contract, it is clear that the motel in Grant County was "real estate, or any part thereof, affected by such action . . ." Therefore, no impropriety in the commencement of this action is presented by RCW 2.08.210.