[No. 9123–2–II.   Division Two.   March 25, 1987.]

DERROL H. COOPER, *Respondent,* v. THE CITY OF
TACOMA, *Appellant.*

*Robert J. Backstein, City Attorney,* and *Patricia Parfitt, Assistant,* for appellant.

*Wayne L. Williams* and *Rolland & O'Malley,* for respondent.

WORSWICK, J.—We dismiss this appeal for want of an aggrieved party.

Derrol Cooper, a Tacoma fire fighter, was granted a non–duty disability retirement in November 1981. Based on a medical reexamination in May 1983, the Tacoma Fire Fighter's Disability Board determined that Cooper could perform his duties in the Fire Department with average efficiency. He returned to duty on August 24, 1983. On September 6, 1983, Cooper fell in the fire station while on duty and injured his back. He has been unable to return to work.

He again applied for, and was granted, a disability retirement. On March 7, 1984, the Board entered findings of fact and conclusions of law pursuant to RCW 41.26.120(2), stating that Cooper's disability was not incurred in the line of duty because the September 6 on–duty injury had resolved, and therefore the current disability related back to the non–duty disability granted in 1981.

Cooper applied for a writ of certiorari, asking the superior court to review the Board's non–duty related determination. After the writ was issued, both parties moved for summary judgment. The court granted Cooper's motion, reversing the Board's finding that Cooper's disability was non–duty related and holding that it was duty related. The City appeals. It does not dispute Cooper's disability, but asserts only that the trial court erred in reversing the Board's finding that the disability was non–duty related. We conclude that the City has no appealable interest.

■ Only an aggrieved party may appeal to this court. RAP 3.1. An aggrieved party is one whose proprietary, pecuniary, or personal rights are substantially affected. *Sheets v. Benevolent & Protective Order of Keglers,* 34 Wn.2d 851, 855, 210 P.2d 690 (1949); *Temple v. Feeney,* 7 Wn. App. 345, 499 P.2d 1272, *review denied,* 81 Wn.2d 1005 (1972).

Counsel for the City conceded at oral argument that it makes no monetary difference to the City whether the disability is designated duty or non–duty related; the City is

required to disburse the same amount either way. *See* RCW 41.26.400 (giving Law Enforcement Officers' and Fire Fighters' Retirement System member the greater of the benefits under either old or new systems).[1] Therefore, the City has no pecuniary interest in the outcome, nor are the City's personal or proprietary rights substantially affected. Therefore, the City is not an aggrieved party.

Dismissed.

REED, C.J., and ALEXANDER, J., concur.

---

[1]The determination does have an impact on the retired person's federal income tax status.