# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| In the Matter of the Detention of: | DIVISION ONE |
| T.M.L., | No. 75318-5-I |
| | UNPUBLISHED OPINION |
| Appellant. | |
| | FILED: August 7, 2017 |

DWYER, J. — This matter comes to us following the trial court's denial of T.M.L.'s motion to appear in person for her involuntary commitment hearing. Although the trial court denied T.M.L.'s motion and ordered that the commitment hearing be conducted by video conference, T.M.L. was discharged from the hospital the following day and the hearing never commenced.

"Only an aggrieved party may seek review by the appellate court." RAP 3.1. "An aggrieved party is one whose proprietary, pecuniary, or personal rights are substantially affected." Cooper v. City of Tacoma, 47 Wn. App. 315, 316, 734 P.2d 541 (1987). The appellant must be aggrieved by a "'judgment, order, or decree'" of the trial court. Sheets v. Benevolent & Protective Order of Keglers, 34 Wn.2d 851, 856, 210 P.2d 690 (1949) (quoting 4 C.J.S. Appeal and Error § 183(b)(1), at 356 (1937)). T.M.L. is not an aggrieved party under these circumstances. Although the trial court denied her motion to appear in person for

the commitment hearing, the hearing never happened. Thus, her rights were not affected by the order. Accordingly, she may not appeal.[1]

The appeal is dismissed.

We concur:

---

[1] The parties mistakenly argue that this case is moot but should be reviewed because it presents an issue of great public importance. See Sorenson v. City of Bellingham, 80 Wn.2d 547, 558, 496 P.2d 512 (1972). But the issue presented did not become "purely academic," Grays Harbor Paper Co. v. Grays Harbor County, 74 Wn.2d 70, 73, 442 P.2d 967 (1968), while the case was on appeal. Indeed, at no time did this case "become moot." Grays Harbor Paper Co., 74 Wn.2d at 73. To the contrary, T.M.L. was never aggrieved by the trial court ruling. T.M.L. never had a right to appeal and this court is without discretion to entertain her arguments.