# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| In the Matter of the Detention of O.M., <br><br> Appellant. | DIVISION ONE <br><br> No. 77024-1-I <br><br> UNPUBLISHED OPINION <br><br> FILED: November 13, 2018 |

DWYER, J. — This matter comes to us following the trial court's granting of Seattle Children's Hospital's motion to modify O.M.'s commitment order to authorize involuntary treatment at Western State Hospital. Although the trial court entered this order, O.M. was released from involuntary treatment without ever being transferred to Western State Hospital. In short, the order was never given effect.

"Only an aggrieved party may seek review by the appellate court." RAP 3.1. "An aggrieved party is one whose proprietary, pecuniary, or personal rights are substantially affected." Cooper v. City of Tacoma, 47 Wn. App. 315, 316, 734 P.2d 541 (1987). An appellant must be aggrieved by the "'judgment, order, or decree'" of the trial court. Sheets v. Benevolent & Protective Order of Keglers, 34 Wn.2d 851, 856, 210 P.2d 690 (1949) (quoting 4 C.J.S. Appeal and Error § 183(b)(1), at 356 (1937)).

No. 77024-1-I/2

O.M. is not an aggrieved party.[1]  Although the trial court modified O.M.'s commitment order to authorize involuntary treatment at Western State Hospital, she does not dispute that she was never transferred there.  Thus, her rights were unaffected by the change in her commitment order.  Therefore, she may not appeal.  The appeal must be dismissed.

Dismissed.

_____, J.

We concur:

_____, A.C.J.          _____, J.

FILED
COURT OF APPEALS DIV I
STATE OF WASHINGTON

2018 NOV 13  AM 9: 48

_____

[1] O.M. mistakenly argues that this case is moot but should be reviewed because it concerns matters of "continuing and substantial public interest."  See Sorensen v. City of Bellingham, 80 Wn.2d 547, 558, 496 P.2d 512 (1972).  However, at no time did the issues presented in this case become "purely academic."  Grays Harbor Paper Co. v. Grays Harbor County, 74 Wn.2d 70, 73, 442 P.2d 967 (1968).  Instead, O.M. never had a right to appeal in the first instance because she was never aggrieved by the trial court ruling.  As a result, this court is without discretion to entertain her arguments.