**NOTICE:   SLIP OPINION**
**(not the court's final written decision)**

The opinion that begins on the next page is a slip opinion.  Slip opinions are the written opinions that are originally filed by the court.

A slip opinion is not necessarily the court's final written decision.  Slip opinions can be changed by subsequent court orders.  For example, a court may issue an order making substantive changes to a slip opinion or publishing for precedential purposes a previously "unpublished" opinion.  Additionally, nonsubstantive edits (for style, grammar, citation, format, punctuation, etc.) are made before the opinions that have precedential value are published in the official reports of court decisions: the Washington Reports 2d and the Washington Appellate Reports.  An opinion in the official reports replaces the slip opinion as the official opinion of the court.

**The slip opinion that begins on the next page is for a published opinion, and it has since been revised for publication in the printed official reports.**  The official text of the court's opinion is found in the advance sheets and the bound volumes of the official reports.  Also, an electronic version (intended to mirror the language found in the official reports) of the revised opinion can be found, free of charge, at this website: https://www.lexisnexis.com/clients/wareports.

For more information about precedential (published) opinions, nonprecedential (unpublished) opinions, slip opinions, and the official reports, see https://www.courts.wa.gov/opinions and the information that is linked there.

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| HAYS ELLIOTT PROPERTIES, LLC, a Washington limited liability company, | DIVISION ONE |
| Respondent, | No. 83999-3-I |
| v. | ORDER GRANTING MOTION TO PUBLISH |
| CHAD HORNER, Successor Administrator of the ESTATE OF ARTHUR D. HAYS; and the ESTATE OF ARTHUR D. HAYS, | |
| Respondent, | |
| ROBERT HAYS, an individual, | |
| Appellant Intervenor. | |

The respondent, Chad Horner, having filed a motion to publish opinion, and the hearing panel having reconsidered its prior determination and finding that the opinion will be of precedential value; now, therefore, it is hereby:

ORDERED that the unpublished opinion filed on March 20, 2023, shall be published and printed in the Washington Appellate Reports.

For the Court:

_____
Dwyer, J.

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| HAYS ELLIOTT PROPERTIES, LLC, a Washington limited liability company, | DIVISION ONE |
| Respondent, | No. 83999-3-I |
| v. | PUBLISHED OPINION |
| CHAD HORNER, Successor Administrator of the ESTATE OF ARTHUR D. HAYS; and the ESTATE OF ARTHUR D. HAYS, | |
| Respondent, | |
| ROBERT HAYS, an individual, | |
| Appellant Intervenor. | |

DWYER, J. — After Arthur Hays (Art) passed away in 2020, Hays Elliot Properties, LLC (HEP), a company Art formed and managed until 2011, filed suit against Art's estate (the Estate). HEP sought judgment on promissory notes executed on Art's behalf to secure loans that provided income to Art during his lifetime. The trial court granted partial summary judgment in favor of HEP, reserving two discrete factual issues for trial. The court also dismissed defenses and a counterclaim asserted by one of Art's children, Robert Hays, who had intervened in the case. Robert now appeals. Because Robert is not an aggrieved party entitled to seek appellate review, we dismiss the appeal.

No. 83999-3-I/2

I

Art built a wholesale distributing business, acquired real property in King County to store merchandise and, in 1999, formed HEP, which owns and manages real property.  In 2011, after trial on a guardianship petition brought by Art's daughter, the superior court declared Art to be incapacitated as to his estate and appointed a guardian.[1]

When Art died almost 10 years later in 2020, he owed approximately $7 million to HEP, documented by two promissory notes and secured by Art's ownership interest in HEP and a deed of trust on real property.[2]  The notes, which replaced a series of prior notes, were authorized and approved by the superior court in the guardianship proceeding, and represented a means to reduce the tax burden on Art during his lifetime and on the heirs who would inherit his estate.  The existence and amount of Art's debt to HEP were also confirmed in an unappealed 2020 order approving the final guardianship report. The entire debt to HEP became due upon Art's death.

HEP filed a timely creditor's claim under RCW 11.40 against the Estate. The personal representative rejected the claim.  HEP then sued the Estate for breach of the promissory notes, seeking judgment on the notes and a deficiency judgment, in the event that the collateral was insufficient to satisfy the debt.  The Estate raised numerous defenses in response to the complaint.  Robert sought to

_____

[1] See In re Guardianship of Hays, No. 68419-1-I, slip op. at 22 (Wash. Ct. App. Aug. 26, 2013) (unpublished), https://www.courts.wa.gov/opinions/pdf/6894191.pdf) (affirming attorney fees awarded in guardianship proceeding).

[2] At the time of his death, Art owned an approximately 33 percent interest in HEP.  The remainder of the company was owned by four family trusts created by Art for the benefit of his children and grandchildren.

2

No. 83999-3-I/3

intervene in the case. After that motion was granted, he filed an answer to HEP's complaint. Robert raised defenses on the Estate's behalf and asserted a counterclaim, challenging the validity of the Estate's debt to HEP and the enforceability of the security instruments.

HEP filed a motion for summary judgment seeking both judgment against the Estate and dismissal of Robert's claim and affirmative defenses. HEP argued that Robert's claim was frivolous because previous final court orders established the existence, propriety, and amount of the debt. HEP also maintained that there was no factual support for the numerous affirmative defenses raised by the Estate and Robert. The Estate opposed summary judgment on limited grounds, contending there were genuine issues of material fact as to whether HEP's public sale of the security for the loan—Art's interest in HEP—was "commercially reasonable" under the Uniform Commercial Code, Title 62A RCW.[3] Robert also opposed summary judgment, primarily challenging the Estate's liability to HEP.[4]

Following argument, the court granted HEP's motion in part, and denied it in part. Specifically, the court denied summary judgment as to "(1) whether there should have been a public sale (not the method used therein) and (2) the timing of the sale." The court otherwise granted summary judgment in favor of HEP as

---

[3] After the Estate filed its answer to HEP's complaint, the personal representative of the Estate resigned, and the court appointed a successor personal representative, who responded to HEP's motion for summary judgment, opposing it only based on issues related to HEP's remedy for the default.

[4] The Estate did not join, but "refer[ed]" to Robert's response in defense of "his interest in the Estate (and thereby, the Estate in general)."

3

to all other aspects of its claim against the Estate.  The court also granted

summary judgment dismissal of Robert's defenses and counterclaim.[5]

Robert appeals.

II

A

As a preliminary matter, both the Estate and HEP have filed motions to

dismiss Robert's appeal.  The Estate contends that Robert lacks standing to seek

review of the trial court's partial summary judgment order.  We agree with the

Estate.  Robert's appeal must be dismissed.

"Only an aggrieved party may seek review by the appellate court."  RAP

3.1.  "While RAP 3.1 does not itself define the term 'aggrieved,' Washington

courts have long held that '[f]or a party to be aggrieved, the decision must

adversely affect that party's property or pecuniary rights, or a personal right, or

impose on a party a burden or obligation.'"  Randy Reynolds & Assocs., Inc. v.

Harmon, 193 Wn.2d 143, 150, 437 P.3d 677 (2019) (quoting In re Parentage of

X.T.L., No. 31335-2-III, slip op. at 17 (Wash. Ct. App. Aug. 19, 2014)

(unpublished), https://www.courts.wa.gov/opinions/pdf/313352.unp.pdf).  In other

words, the decision must operate prejudicially and directly on the party's rights or

interests; "'the right invaded must be immediate, not merely some possible,

remote consequence.'"  Sheets v. Benevolent & Protective Order of Keglers, 34

Wn.2d 851, 855, 210 P.2d 690 (1949) (quoting 4 C.J.S. 356, Appeal and Error, §

_____

[5] The order preserved only Robert's right to "notice and an opportunity to be heard on the calculation of prejudgment interest on the deficiency judgment at final judgment."

4

183(b)(1) (1937)).  The appellants in <u>Sheets</u>, for example, were not aggrieved parties entitled to appeal because the portion of the judgment appealed contained "no denial of a personal or property right to them as individuals; nor [imposed] upon them, as individuals, a burden or obligation."  <u>Sheets</u>, 34 Wn.2d at 855.

Robert asserts rights in this matter based on his status as a "beneficiary of the Estate."  That status does not, however, confer a right to represent the Estate's interests in litigation.  It is the personal representative, standing in a fiduciary relationship to those beneficially interested in the Estate, who has sole authority to litigate on the Estate's behalf, in conjunction with the duty to settle the estate.  <u>In re Estate of Boatman</u>, 17 Wn. App.2d 418, 427, 488 P.3d 845 (2021); RCW 11.48.010 (the personal representative "shall be authorized . . . to maintain and prosecute . . . actions [that] pertain to the management and settlement of the estate" and sue to recover debts or property); RCW 11.48.090 ("[A]ll actions founded upon contracts[] may be maintained by and against personal representatives in all cases in which the same might have been maintained by and against their respective testators or intestates.").  It has long been the "general rule is that executors and administrators alone" are empowered to conduct litigation that involves assets belonging to a decedent's estate.[6]  <u>Rummens v. Guar. Tr. Co</u>., 199 Wash. 337, 344, 92 P.2d 228 (1939).

---

[6] Under RCW 11.02.005(7), "'Executor' means a personal representative of the estate of a decedent appointed by will and the term may be used in lieu of 'personal representative' wherever required by context."

Here, Robert and the Estate raised overlapping affirmative defenses, all on behalf of the Estate. Robert asserted waiver, estoppel, unclean hands, failure to mitigate, intervening or superseding cause, breach of HEP's operating agreement, and lack of consideration. The Estate likewise alleged waiver, contributory negligence, estoppel, lack of consideration. And Robert maintained, through his counterclaim, that the notes and security instruments were unenforceable against the Estate because they were unsupported by consideration and violated HEP's operating agreement.

The Estate initially challenged the validity of the Estate's debt in its answer, alleging that the "purported debt" was not "undertaken in good faith," and had been "improperly rigged," but later abandoned that position. And Robert's counsel candidly admitted during the argument on HEP's summary judgment motion that Robert was "prompted" to intervene by the appointment of a new personal representative and uncertainty about whether the Estate would continue to challenge the existence and validity of the underlying debt and security instruments. Thus, Robert intervened, not to assert claims on his own behalf, but in an attempt to control the Estate's defense. However, only the personal representative, acting on behalf of the Estate, properly represents the interests of the decedent and is authorized to conduct litigation; thus, the personal representative has a direct interest in the agreements entered into by HEP and Art's guardian. See Sadler v. Wagner, 3 Wn. App. 353, 355, 475 P.2d 901 (1970) ("For purposes of the administration of the estate, the administratrix stands in the shoes of the decedent.").

6

No. 83999-3-I/7

Robert argues that he is aggrieved by the order that dismissed him from HEP's lawsuit because (1) he has a personal interest in the case as the result of a "specific bequest" in Art's 2012 will, and (2) the trial court granted his motion to intervene in the case and neither respondent filed a cross appeal challenging that order. But the court's ruling on the motion to intervene is not dispositive. See CR 24 (allowing intervention as a matter of right when the "applicant claims an interest" relating to property or a transaction that is the subject of the action and that disposition may "impair or impede the person's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties"). Intervention under CR 24 does not establish a right to pursue an appeal under RAP 3.1.[7] There may be any number of proper parties who have an interest in the proceeding for purposes of CR 24 but are nevertheless not aggrieved by a particular order entered in the course of that proceeding.

Robert identifies no property, personal or pecuniary right, separate from the Estate's interests, that was adversely and directly affected by the court's ruling. Notwithstanding a specific bequest, his only right derives from his interest in a potential future inheritance as an heir of the Estate. Robert fails to identify a

---

[7] Although Robert does not cite Washington Restaurant Association v. Washington State Liquor Control Bd., 200 Wn. App. 119, 134, 401 P.3d 428 (2017), we note that Division Two of this court declined to dismiss a cross appeal under RAP 3.1 in that case because the party had been allowed to intervene below and "[p]arties to an action are aggrieved parties under RAP 3.1." But the authority cited to support this position, Aguirre v. AT&T Wireless Servs., 109 Wn. App. 80, 85, 33 P.3d 1110 (2001), merely states, unremarkably, that "[t]hose who are not parties to an action may not appeal." While nonparties generally may not appeal, it does not follow that every party to a trial court proceeding is necessarily aggrieved by a given order within the meaning of RAP 3.1. We are not persuaded by the analysis of Washington Restaurant Association on this point.

7

No. 83999-3-I/8

present interest affected by the court's ruling and is not aggrieved under RAP 3.1. We grant the Estate's motion to dismiss Robert's appeal.[8]

B

HEP seeks dismissal because Robert seeks review of an unappealable order. It is not necessary to rule on HEP's motion since we have granted the Estate's motion on a separate basis. Nevertheless, we agree with HEP.

RAP 2.2(a) lists the specific decisions, including a "final judgment," that may be appealed as a matter of right. RAP 2.2(a)(1). Under RAP 2.2(d), "an appeal may be taken from a final judgment that does not dispose of all the claims . . . as to all the parties" *only* if a CR 54(b) certification has been made. CR 54(b) allows the trial court to "direct the entry of a final judgment" as to one or more claims or parties "upon an express determination in the judgment, supported by written findings, that there is no just reason for delay." In the absence of a CR 54(b) certification, an order dismissing fewer than all of the claims and/or parties to a case "is subject only to discretionary review until the entry of a final judgment adjudicating all the claims, counts, rights, and liabilities of all the parties." RAP 2.2(d).

The order designated for review expressly reserves factual issues to be resolved at trial and, thus, did not fully resolve the case. Robert did not seek certification of the order under CR 54(b). Robert does not address the criteria for

---

[8] In response to the motions to dismiss, Robert makes his own motion under RAP 17.4 "to exclude the Estate from this Appeal." We deny the motion. First, Robert's motion, raised in a reply brief, is improper under RAP 17.4(d), which permits a motion in an opening or responsive brief, to which the opposing party has an opportunity to reply. Second, Robert cites no authority to support his position that the Estate, a respondent in this case, is not entitled to assert its position in briefing to this court.

8

discretionary review under RAP 2.3(b), and it is unnecessary for us to consider the record in light of these standards because Robert is not an aggrieved party who may seek review under RAP 3.1.

III

All parties request an award of attorney fees on appeal. In estate matters commenced under Title 11 RCW, a court may exercise discretion to award attorney fees to any party. See RCW 11.96A.150(1) (superior court or appellate court may order attorney fees "in such amount and in such manner as the court determines to be equitable"); RCW 11.96A.010 (chapter 11.96A RCW governs proceedings to resolve "disputes and other matters involving trusts and estates"). On the other hand, "RAP 18.9(a) permits an appellate court to award a party attorney fees as sanctions, terms, or compensatory damages when the opposing party files a frivolous appellate action." Advocates for Responsible Dev. v. W. Wash. Growth Mgmt. Hr'gs Bd., 170 Wn.2d 577, 580, 245 P.3d 764 (2010). An appeal is frivolous when, considering the entire record, it "presents no debatable issues upon which reasonable minds might differ" and "is so devoid of merit that there is no possibility of reversal." Advocates for Responsible Dev., 170 Wn.2d at 580.

The Estate relies on RCW 11.96A.150 to support its request. Though not an explicit requirement of the statute, courts generally consider whether a party seeking attorney fees prevailed in the proceeding. See In re Estates of Foster, 165 Wn. App. 33, 58, 268 P.3d 945 (2011) (award of attorney fees where party prevailed); In re Guardianship of Lamb, 154 Wn. App. 536, 549, 228 P.3d 32

9

(2009), aff'd, 173 Wn.2d 173, 265 P.3d 876 (2011) (attorney fees denied where party did not prevail). And courts will generally consider whether litigation benefited the estate or trust. See In re Matter of Marital Tr. of Graham, 11 Wn. App. 2d 608, 615, 455 P.3d 187 (2019). Courts may also consider whether a case presented "'novel or unique issues.'" In re Estate of Stover, 178 Wn. App. 550, 564, 315 P.3d 579 (2013) (quoting Lamb, 173 Wn.2d at 198).

This proceeding was premised on a rejected creditor's claim against the Estate. The Estate has prevailed on a motion to dismiss the appeal. Robert's appeal has not benefited the Estate; indeed, it has caused harm by reducing assets otherwise available to the beneficiaries. And the litigation raised no novel or unique issues, the resolution of which added benefit to the appeal. The Estate is entitled to a discretionary award of fees under RCW 11.96A.150. Moreover, although the Estate does not base its request on RAP 18.9, that provision also supports an award of fees. Because Robert is not aggrieved with respect to the order on appeal, his appeal is frivolous. See RAP 18.9(a) (appellate court may, "on its own initiative[,]" award attorney fees as a sanction for filing frivolous appeal).

HEP requests fees under RCW 11.96A.150 and RAP 18.9(a). Although it was ultimately unnecessary to resolve this appeal on the basis of HEP's motion, because the decision before us is not appealable under RAP 2.2, Robert's appeal is devoid of merit under RAP 18.9(a). We award fees to HEP on this basis.

No. 83999-3-I/11

Robert's appeal does not withstand threshold appealability issues, let alone prevail on the merits. There is no basis to award attorney fees to him under RCW 11.96A.150.

We exercise our discretion to award attorney fees both to the Estate and HEP in amounts to be determined by a commissioner of this court, upon compliance with RAP 18.1(d).

Dismissed.

_____
Dwyer, J.

WE CONCUR:

_____    _____
Chung, J.                   Coburn, J.