[No. 4727.   Decided July 6, 1903.]

A. W. HIGHT, *Appellant,* v. WILLIAM BATLEY *et al., Appellants.*

APPEAL — RIGHT OF INTERVENTION.

Application to intervene in a cause upon appeal comes too late, under Bal. Code, § 4846, which provides that applications for intervention must be made before trial.

SAME — SUBSTITUTION OF APPELLANTS.

The fact that an action in a matter of common interest to many persons had been brought by one for the benefit of all would not give one for whose benefit the action had been brought the right to be substituted as plaintiff and appellant upon the failure of the original plaintiff to prosecute an appeal which he had effected.

SAME — APPEAL BOND BY SUBSTITUTED PARTIES.

Application to be substituted as appellants in a cause, and for leave to file a new appeal bond, is made too late, where more than ninety days has intervened after the notice of appeal from the judgment in the cause, and the time for filing bond under such appeal notice has expired.

Appeal from Superior Court, King County.—Hon. BOYD J. TALLMAN, Judge.   Denial of motion for intervention.

*James Kiefer,* for petitioner.

*McCafferty & Kane,* for respondents.

The opinion of the court was delivered by

HADLEY, J.—An appeal was taken from the judgment below in this cause by both plaintiff and defendants. After the service and filing of the respective notices of appeal, and appeal bonds, the parties entered into a stipulation whereby it was mutually agreed that the respective appeals should be withdrawn and that neither appeal should be further prosecuted.   The plaintiff, A. W. Hight, brought the

suit in his own behalf and in behalf of other citizens and taxpayers of the city of Ballard. Following the stipulation and withdrawal of the appeals aforesaid, Robert J. Huston and Hattie E. Huston, his wife, as taxpayers and property owners of the city of Ballard, moved this court for an order either substituting them as plaintiffs and appellants in the cause, or permitting them to intervene as plaintiffs and appellants, and to prosecute the said appeal heretofore taken by said A. W. Hight. The motion also asks that a time shall be fixed within which said Huston and wife shall file an appeal bond and briefs upon said appeal, and that the stipulation entered into between said plaintiff and defendants for the withdrawal and dismissal of their said appeals shall be set aside.

This motion is made upon the theory that the questions involved in the suit are public ones, common to all the taxpayers of the city of Ballard, and that the plaintiff, in bringing his action, was litigating and waging public questions, in which all the taxpayers of said city were similarly interested. It is therefore urged that the movers in this motion, as taxpayers in said city, are entitled to intervene or be substituted as parties plaintiff and appellant for the purpose of prosecuting said appeal inaugurated by the plaintiff in the action. It is conceded by counsel for the moving parties that the precise question presented here does not appear to have arisen in any of the reported cases. The right of intervention in this state is governed by statute, and under § 4846, Bal. Code, the application to intervene must be made "before the trial." The trial of this cause was long since concluded, and appeals were taken. We are not aware of any other statute upon the subject which authorizes an intervention in the cause after an appeal has been taken to this court. It follows that the mo-

tion, in so far as it asks leave to intervene, must be denied.

It will be further observed that the motion is alternative, to the effect that, if an intervention is denied, then these moving parties ask to be substituted as parties plaintiff and appellant. We are referred to § 4834, Bal. Code, which provides as follows:

"When the question is one of common or general interest to many persons, or where the parties are numerous, and it is impracticable to bring them all before the court, one or more may sue or defend for the benefit of the whole."

Counsel also cite *Clay v. Selah Valley Irrigation Co.*, 14 Wash. 543 (45 Pac. 141), as having construed the above section of the statute. In that case a portion of the holders of the bonds secured by a trust deed brought a suit to foreclose the trust deed. There were numerous other bondholders, residing at a distance, who were unknown to the plaintiffs. It was held that, the question being one of common and general interest to many persons, the plaintiffs could, under the above statute, maintain the action for the benefit of all. The correctness of that decision is not disputed here, but no question as to the right of substitution in such cases arose in that action. It has been held that in a proper case new parties may be substituted in the appellate court. 20 Enc. Pl. & Pr. 1068. We have examined the cases cited to support the above, and find that they were cases where a transfer of interest in the subject matter involved had occurred after the trial below, either by actual assignment or by operation of law. The substitution was therefore permitted in behalf of the real party in interest as successor of the original owner. There has, however, been no change of ownership or interest here. These moving parties have acquired no greater interest in the subject matter involved than they possessed at the time the action was commenced below, and no succession of interest has

taken place. The authorities above referred to as being cited to support a substitution in the appellate court "in a proper case," being wholly unlike this case, we are of the opinion that this is not a proper case for such substitution.
. If this case could be classified as a proper one for the substitution of new appellants in this court, we are then confronted with another difficulty which arises upon this motion. We are asked to fix a time within which an appeal bond may be filed by the moving parties. In appeals from final judgments regularly entered the statute fixes the time as five days from the time the notice of appeal is given. § 6505, Bal. Code. If the notice is not given in open court at the time the judgment is rendered, it may be given within ninety days from the date of entry of final judgment. §§ 6502, 6503, Bal. Code. If these moving parties should be permitted to prosecute this appeal without giving a new notice, then the appeal would necessarily be based upon the original notice given by the plaintiff in the case. That notice was served March 10, 1903, and it is manifest that an appeal bond cannot now be filed under the statute to support the appeal taken by that notice, and the same was true at the time this motion was served. Again, if a new notice of appeal should now be given by the movers as substituted appellants, it would necessarily be after the expiration of ninety days from the entry of final judgment, which was also true when the motion was served. The decree was signed February 23, 1903, and filed on the 27th day of the same month. The motion was served June 9, 1903, which was after the full expiration of the time within which an appeal could be taken. We know of no statutory authority under which a new notice of appeal or a new appeal bond could be entertained by this court at this time. The appeal cannot be prosecuted by these ap-

plicants under the former bond given by the plaintiff, since it is conditioned only to pay costs and damages that may be awarded against the plaintiff himself on the appeal. This is conceded by the movers, inasmuch as they ask leave to file a new bond; but for the reasons stated we think such a bond would be ineffectual, and that they would have no appeal that could be prosecuted here, even if they should be formally substituted as appellants.

It is suggested that the withdrawal and dismissal of the plaintiff's appeal may have the effect to render the decree below *res judicata* as to the rights of these moving parties, and other taxpayers in the city of Ballard. Whether one who sues for the common benefit of many can consent to such a disposition of the case as will become *res judicata* of the rights of others so commonly interested, is not now before us for determination. Questions of negligence or fraud, and possibly of special authority to sue or want of such authority, might be involved in such determination, and they are not now properly here for examination.

The motion is denied.

ANDERS, MOUNT and DUNBAR, JJ., concur.

FULLERTON, C. J.—In all that is said concerning the right of intervention and substitution I concur. As to what is said concerning the appeal bond I express no opinion.