[No. 29139. *En Banc.* April 8, 1944.]

THEO COLBURN, *as Executrix, et al., Appellants,* v. SPOKANE CITY CLUB *et al., Respondents.*[1]

[1]Reported in 147 P. (2d) 504.

*Roy C. Fox* and *H. Earl Davis,* for appellants.

*Tustin & Chandler* and *Paine, Lowe, Davis & Russell,* for respondents.

MILLARD, J.—By this derivative action brought against Spokane City Club and Spokane City and University Club, domestic corporations, by Dana Child, N. S. Hopkins, and Norma Joan Hopkins (three stockholders of Spokane City Club) for the benefit of Spokane City Club, its stockholders, and creditors, plaintiffs sought cancellation of an alleged invalid contract under which all of the property of Spokane City Club was leased, with option to purchase, to Spokane City and University Club; quieting of title in, and restoration to, Spokane City Club of that property; and an accounting for earnings. Defendants separately demurred upon the grounds that the complaint did not state facts sufficient to constitute a cause of action against either defendant; and that, as the action was one for relief upon the ground of fraud, it was barred by the three-year statute (Rem. Rev. Stat. (Sup.), § 159(4) [P. C. § 8166]) of limitations. The demurrers were sustained. Plaintiffs elected to stand upon their complaint, whereupon judgment of dismissal was entered. Plaintiffs appealed.

██ Dana Child died after appeal was taken. Theo Colburn, executrix of the estate of Dana Child, deceased, moves that she be substituted in Dana Child's stead as a party appellant, and that she be dismissed as a party appellant from this action.

The motion by the executrix of his estate to be substituted in this court in the place of Dana Child, deceased, as a party appellant, is granted under Rem. Rev. Stat., § 1743 [P. C. § 7328], which provides that, in case of death of a party after the rendition of a final judgment in the superior court in an action which survives the death of the party, the death shall not affect the appeal taken, but the proper representative of the decedent may be made a party and

the appeal may proceed as in other cases. That Dana Child, had he survived, would have been entitled as a matter of right to dismissal of his appeal on his own motion, is not open to question.

The executrix of the estate of Dana Child, deceased, stands in the shoes of the decedent, and the appeal, on her motion therefor, should be dismissed with costs against appellant executrix.

The judgment of dismissal in the case at bar was entered April 28, 1943, and appeal therefrom was duly taken. February 10, 1944, N. S. Hopkins and Norma Joan Hopkins, through counsel who did not represent them in the trial of this cause, filed motions for their dismissal from the cause as appellants.

■ Counsel, who is the third attorney purportedly representing appellants N. S. and Norma Joan Hopkins, insists that, as he is their attorney of record, movants may not ignore him and other counsel may not be substituted to represent them until proper notice thereof is given to him and his charges paid by movants; therefore, no proper motion is pending on behalf of N. S. and Norma Joan Hopkins for dismissal of their appeals.

The affidavits of appellants Hopkins that they never engaged any attorney to represent them in any litigation against respondents, that they were never advised of the progress of the cause either in the superior court or this court, and that they were never asked to contribute any money for prosecution of the litigation, are met by controverting affidavits, thus raising an issue of fact which we will not determine. If counsel resisting the motions of appellants Hopkins was retained by them to institute this action and prosecute the appeal, counsel is not without remedy. The question of fact presented is one we will not determine, and it cannot defeat right of appellants Hopkins to dismissal, on their own motions, of their appeals.

■ It is further insisted that this action, which was instituted by Dana Child, N. S. Hopkins, and Norma Joan Hopkins, as stockholders of Spokane City Club, in their own behalf and for the benefit of Spokane City Club and

of all other stockholders of that club similarly situated, is a derivative action; therefore, the motions of Theo Colburn, N. S. Hopkins, and Norma Joan Hopkins to dismiss their appeals should be denied. It is argued that, when a derivative action is instituted by a number of stockholders on behalf of themselves and of other stockholders similarly situated, those plaintiff stockholders, after entry of an adverse judgment and appeal therefrom, may not be permitted to withdraw their names or be dismissed from the appeal.

The mere circumstance that one stockholder or a group of stockholders initiates a derivative action, the complaint in which alleges the existence of facts entitling him or them to maintain the action in place of the corporation, is not, we held in *Goodwin v. Castleton*, 19 Wn. (2d) 748, 144 P. (2d) 725, of itself determinative of the propriety of the action or the necessity for its continued maintenance. Stockholders who bring such action may, after appeal to this court, enter into a stipulation with respondent for dismissal of the appeal (*Hight v. Batley*, 32 Wash. 165, 72 Pac. 1034, 98 Am. St. 851), or appellants, on their own motion, may have their appeals dismissed.

February 11, 1944, or seven months and thirteen days after entry of judgment of dismissal from which this appeal is prosecuted, O. C. Moore filed a motion in this court for entry of an order permitting him to enter his appearance as a party appellant in this cause in a representative capacity for and on behalf of himself as a stockholder of Spokane City Club and on behalf of other stockholders of the Spokane City Club similarly situated.

If the motion be treated as an application to intervene in a cause on appeal, it is not timely, under Rem. Rev. Stat., § 202 [P. C. § 8280], which provides that applications for intervention must be made before trial. The fact that this is a derivative action brought by three stockholders for the benefit of all stockholders similarly situated does not give to one for whose benefit the action has been brought the right to be substituted as appellant upon failure of the original plaintiffs to prosecute an appeal which they had effected. An application to be substituted as an

appellant in a cause comes too late, where the time in which to give the notice of appeal from the judgment in the cause has expired before the application for substitution is made. *Hight v. Batley*, 32 Wash. 165, 72 Pac. 1034, 98 Am. St. 851. See, also, *School Dist. v. Royal Oak Township School Dist.*, 293 Mich. 1, 291 N. W. 199, 127 A. L. R. 661, in which it is held that persons who would otherwise be granted leave to intervene are denied consideration where they sit by and allow litigation to proceed without requesting leave to enter the case.

The appeals are dismissed with costs against appellants, and the motion of O. C. Moore for substitution as a party appellant is denied.

SIMPSON, C. J., BEALS, STEINERT, ROBINSON, JEFFERS, MALLERY, and GRADY, JJ., concur.

[1]Reported in 147 P. (2d) 518.