[No. 15367-3-III.   Division Three.   December 23, 1999.]

COLUMBIA GORGE AUDUBON SOCIETY, *Plaintiff*, v. KLICKITAT COUNTY, *Defendant*, KENETECH WIND POWER, INC., *Respondent*, YAKAMA NATION, *Petitioner.*

*Thomas J. Van Norman* (of *Cheyenne River Sioux Tribe*); *Michael Bauer*; and *Patrick J. Oshie* and *Patrick D. Spurgin*, for petitioner.

*Brent Carson* and *Kitteridge Oldham* (*Adam Umanoff*, of counsel), for respondent.

SWEENEY, J. — This land use case raises a number of procedural questions—questions of first impression.

The Confederated Tribes and Bands of the Yakama Indian Nation voluntarily dismissed its own petition for superior court review of an adverse decision of the Klickitat County Board of Adjustment. It then tried to intervene in an appeal that had been timely filed by the Columbia Gorge Audubon Society. The superior court denied the Yakama Nation's motion to intervene. It found that the Yakama Nation had failed to perfect its own timely appeal within the 10-day limitation period for appealing the adverse administrative decision. The court therefore concluded that the Yakama Nation was time-barred *as a matter of law* from intervening. The court also concluded that the Yakama Nation's interests would be amply protected by the Audubon Society.

The first question presented we review de novo—whether the running of a statute of limitation bars the Yakama Nation's attempt to intervene as a matter of right, pursuant to CR 24(a). We conclude it does not. The second question is whether the trial court abused its discretion by denying the Yakama Nation's motion to intervene. We conclude that it did. We therefore reverse the trial court's decision

denying the Yakama Nation's motion to intervene and remand with instructions to permit intervention as of right.

## FACTS

The Confederated Tribes and Bands of the Yakama Indian Nation is a federally recognized Indian nation pursuant to treaty with the United States.[1]

On July 13, 1995, the Klickitat County Board of Adjustment approved a conditional use permit for Kenetech Wind Power, Inc., to develop a wind-powered electrical power generation facility in the Columbia Hills area. The limitation period for challenging the Board's ruling is 10 days. Supplemental Clerk's Papers at 52. Enron Wind Development Corporation is Kenetech's successor in interest. It was substituted as a party on July 8, 1998, and is the respondent in this appeal.

The Yakama Nation filed a timely petition for review to superior court on July 24, 1995, the last day of the 10-day limitation period. The County moved to dismiss this appeal because the motion failed to join indispensable parties. The Yakama Nation apparently agreed and voluntarily dismissed their appeal on October 17, 1995.

The Columbia Gorge Audubon Society also petitioned for review on July 24, 1995, naming as principal defendants the County and the power company. It filed an amended petition for review and writ of certiorari on September 5, 1995. The Audubon Society challenged the proposed development because it (1) threatened bird habitat, (2) violated zoning laws, (3) diminished use and enjoyment of the land, (4) compromised the scenic beauty of the gorge, and, finally, (5) affected members' enjoyment by threatening "cultural resources in the area, including native American cultures . . . ."

The Audubon Society had mailed a copy of the amended petition to counsel for the Yakama Nation on September 1.

---

[1] Treaty with the Yakamas, June 9, 1855, 12 Stat. 951.

On September 25, the Yakama Nation filed a motion to intervene as party plaintiff in the Audubon Society's appeal. The superior court had not yet ruled on any motions or the merits of the appeal. The Audubon Society did not object to the motion to intervene.

The County opposed the motion. And it persuaded the court that, because the Yakama Nation had failed to perfect its own timely appeal, the motion to intervene was untimely and intervention was prohibited as a matter of law. The court concluded that the motion was untimely and further that the Yakama Nation could adequately protect its interests by informally associating itself with the Audubon Society.

We granted the Yakama Nation's petition for discretionary review.

## DISCUSSION
## CR 24(a)

**Intervention of Right.** Upon timely application anyone shall be permitted to intervene in an action: . . . (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

CR 24(a).

■ We generally review a ruling on the timeliness of a CR 24 motion for abuse of discretion. *Kreidler v. Eikenberry*, 111 Wn.2d 828, 832, 766 P.2d 438 (1989). But when, as here, the trial judge does not exercise discretion, but instead rules that intervention is barred as a matter of law,

we review de novo. *American Pipe & Constr. Co. v. Utah,* 414 U.S. 538, 560, 94 S. Ct. 756, 38 L. Ed. 2d 713 (1974).[2]

As a preliminary matter, we note that the Administrative Procedure Act (APA), RCW 34.05, provides for intervention by interested parties in proceedings seeking judicial review of administrative actions. RCW 34.05.010(13) (former RCW 34.05.010(12)). Intervention is governed by court rule "to the extent not inconsistent" with the APA. RCW 34.05-.510(2). The APA does not mention statutes of limitation. Rather it permits intervention *at any time*, provided it is in the interest of justice and does not impede the conduct of the proceedings. RCW 34.05.443(1).

In Washington, as in the federal courts and other jurisdictions, the requirements of CR 24(a) are liberally construed to favor intervention. *Fritz v. Gorton,* 8 Wn. App. 658, 660, 509 P.2d 83 (1973). On the question of timeliness in particular, CR 24(a) allows intervention as of right *unless* it would work a hardship on one of the original parties. *Loveless v. Yantis,* 82 Wn.2d 754, 759, 513 P.2d 1023 (1973).

Here in Washington, a motion to intervene is timely if it is filed before the commencement of the trial. *American Discount Corp. v. Saratoga W., Inc.,* 81 Wn.2d 34, 43, 499 P.2d 869 (1972). This has always been the rule here. *See Colburn v. Spokane City Club,* 20 Wn.2d 412, 415-16, 147 P.2d 504 (1944) (citing REM. REV. STAT. § 202); *Hight v. Batley,* 32 Wash. 165, 166, 72 P. 1034 (1903) (intervention not timely after appeal is filed) (citing BALL. CODE § 4846).

Even after judgment has been entered, intervention remains within the discretion of the court if the particular circumstances warrant it. *Kreidler,* 111 Wn.2d at 832-33. This is also consistent with federal law. *Mille Lacs Band of Chippewa Indians v. Minnesota,* 989 F.2d 994, 998 (8th Cir. 1993) (motion to intervene was timely even though filed after judgment entered).

*American Discount* sets out a straightforward analysis of

---

[2]Washington's CR 24 is the same as the federal rule. Therefore, we may look to federal decisions and analysis for guidance. *American Discount Corp. v. Saratoga W., Inc.,* 81 Wn.2d 34, 37, 499 P.2d 869 (1972).

timeliness. 81 Wn.2d at 43. There, the action was filed September 1, 1970; the motion to intervene was filed September 24, 1970; a final amended complaint in intervention was filed November 24, 1970; a hearing was held and judgment entered January 22, 1971. The claim of right to intervene was thus raised prior to trial and judgment and was thus timely. If we substitute the Yakama Nation for the intervenor in *American Discount*, the facts and conclusion here are:

- The action was filed by the Audubon Society July 24, 1995—within the statute of limitation.

- Audubon Society amended its petition September 5, 1995.

- The Yakama Nation's motion to intervene was filed September 25, 1995. This was before the hearing of the petition and before any substantive ruling.

The claim of right to intervene was thus raised prior to trial and judgment, and was thus timely. This makes sense. To interpret CR 24 as permitting intervention only by those with a perfected or perfectible independent cause of action is to render the rule meaningless.

Enron's argument relies heavily on federal class action cases in which a would-be plaintiff moved to intervene after denial of class certification under CR 23. The leading such case is *American Pipe*.[3] There, with 11 days remaining on the statute of limitation, Utah sued American Pipe for damages under the Sherman Act and moved for class certification. *American Pipe*, 414 U.S. at 541. The trial court denied class certification under FED. R. CIV. P. 23. *Id.* at 542-43. Eight days later, would-be class members moved to intervene in Utah's suit under FED. R. CIV. P. 24(a) or (b). The court denied the motion, concluding that the statute of limitation on the private causes of action had run. *Id.* at 543-44.

The Supreme Court reversed and held that members of

---

[3]*American Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 94 S. Ct. 756, 38 L. Ed. 2d 713 (1974).

the class stood as parties to Utah's suit, and that timely filing of that action "satisfied the purpose of the limitation provision as to all those who might subsequently participate in the suit as well as for the named plaintiffs." *American Pipe*, 414 U.S. at 551. The statute of limitation was tolled, and therefore would-be members of the class could make timely motions to intervene even after the statute of limitation would otherwise have run on the individual claims. *Id.* at 552-53. The Court explained that the purposes of statutes of limitation were satisfied because the defendant was on notice and had the essential information to defend. *Id.* at 554-55.

*American Pipe* ensures that potential parties to a class action are not forced to file multiple superfluous individual actions to protect their individual right to sue in the event the class is rejected. Any statute of limitation for filing each individual claim is tolled when the class action is filed. The statute then remains tolled until a court denies class certification. *Nelson v. Allegheny County*, 60 F.3d 1010, 1012 (3d Cir. 1995). The rule of *American Pipe* makes sense only in the context of a class action, however. It is the right to bring an independent action, not the right to intervene, that is subject to applicable statutes of limitation.

This is not a class action. *American Pipe* has no relevance to intervention timeliness analysis.

Numerous state and federal decisions affirm the discretion of the court to rule an intervention timely even after entry of judgment. *Mille Lacs Band*, 989 F.2d at 998 (motion to intervene was timely even though filed nine months after deadline for filing motions to intervene; motion filed after judgment not necessarily untimely); *United States v. Oregon*, 745 F.2d 550, 552 (9th Cir. 1984) (mere lapse of time is not determinative of timeliness); *Stallworth v. Monsanto Co.*, 558 F.2d 257, 263 (5th Cir. 1977) (timeliness "is not a word of exactitude or of precisely measurable dimensions" but entirely a matter of discretion); *Alaniz v. Tillie Lewis Foods*, 572 F.2d 657, 659 (9th Cir. 1978) (motion after entry of consent decree is not necessarily too late). En-

ron attempts to distinguish these cases by postulating two classes of intervenors: intervening plaintiffs who are subject to statutes of limitation, and intervening defendants for whom intervention is timely until the appellate mandate is filed. Nothing in the rule or the case law supports such a distinction.

■ The timing of the motion is not, by itself, dispositive. The court must examine the surrounding circumstances, such as opportunity to identify the threatened interest, reason for delay, and any adverse impact of delayed intervention. *NAACP v. New York*, 413 U.S. 345, 367-70, 93 S. Ct. 2591, 37 L. Ed. 2d 648 (1973); *Kreidler,* 111 Wn.2d at 832-33. If the court finds that the intervention is appropriate, it is not barred.

The Yakama Nation's motion was brought before entry of judgment, and before the court took any substantive action.

Other cases cited by Enron, in which a statute of limitation was discussed in the context of intervention, are also distinguishable. Like *American Pipe,* the case of *Nelson v. Allegheny County,*[4] tolled a state statute of limitation for filing an individual action until after class certification was denied. In *Atkins v. General Motors Corp.,*[5] the court denied intervention. But this was a Fair Labor Standards Act (FLSA), 29 U.S.C., case. The FLSA contains its own joinder rules which supersede court rules. Court rules would otherwise have allowed intervention. Finally, in *Reynolds v. Spears,*[6] the court again denied intervention. But the denial followed an inexcusable delay of three years after the intervenors reasonably should have known that a two-year statute of limitation had run in a statutorily created cause of action. The holding is, like many intervention cases, highly dependent on its facts. *Reynolds* demonstrates nothing more than the fact-specific nature of an intervention decision.

---

[4] 60 F.3d 1010.

[5] 701 F.2d 1124, 1130 n.5 (5th Cir. 1983).

[6] 93 F.3d 428, 432 (8th Cir. 1996).

The court here relied on *Crowley Maritime Corp. v. Panama Canal Commission*[7] for its conclusion that it was without discretion to grant the Yakama Nation's motion to intervene. That case also is distinguishable.

In *Crowley*, the court denied a belated motion to intervene. It based its decision entirely on the running of the statute of limitation on the intervenor's claim. The limitation period was, however, established by Congress in the Panama Canal Act. This legislation enacts a partial waiver of sovereign immunity. *Id.*, 849 F.2d 951 at 952. These partial waivers are given the strictest possible construction. The decision then affirms only the denial of intervention for failure to comply with the strict time limits imposed by the Act. *Id.* at 954.

*Crowley* is not instructive, because we are not faced with a limited waiver of sovereign immunity. We do not, therefore, apply the strictest possible construction. We employ instead the most liberal possible construction. *American Discount Corp. v. Saratoga W., Inc.*, 81 Wn.2d 34, 40, 499 P.2d 869 (1972).

▌ The trial court here was persuaded by *American Pipe* that statutes of limitation for filing a separate action are relevant in intervention analysis under CR 24(a). It was then convinced by *Crowley* that statutes of limitation are strictly enforced whenever the government is a party. We disagree. The court must look at the stage of the proceedings to determine whether the motion was timely.

## Prejudice

Enron also relies on *Local 1829 of United Mine Workers of America v. Island Creek Coal Co.*[8] That case is also distinguishable.

Prejudice to the defendant is one of the factors the court

[7] 849 F.2d 951 (5th Cir. 1988).

[8] 157 F.R.D. 380 (N.D. W. Va. 1994).

must consider in determining whether an intervention motion is timely. In *Local 1829*, the defendant coal company was clearly prejudiced by permitting the tardy intervention of a second union local in an action. The purpose of the action was to establish the employer's liability under a disputed arbitration. If it lost, the coal company would incur financial liability to the union members. If an additional plaintiff, Local 2410, intervened, the defendant's potential liability was doubled. The defendant would thus be stripped of the protections of the statute of limitation. *Local 1829*, 157 F.R.D. at 383-84.

In this case, Enron received the full protection of the statute of limitation. The Yakama Nation is not seeking damages. So here, win or lose, the outcome for the developer is the same, with or without the intervention. Enron was timely informed of the appeal and was put on notice to defend. The Yakama Nation is simply another voice asking for the same result as the Audubon Society, only for different reasons.

In *Local 1829*, it is the prejudice, not the statute of limitation as an absolute bar per se, that is dispositive. This is in harmony with Washington and federal decisions permitting intervention up to and even after entry of judgment, provided it can be done without prejudicing the other side. *Kreidler v. Eikenberry*, 111 Wn.2d 828, 832-33, 766 P.2d 438 (1989); *Mille Lacs Band of Chippewa Indians v. Minnesota*, 989 F.2d 994, 998 (8th Cir. 1993).

As the proceedings advance, the potential for prejudice increases. *Stallworth*, 558 F.2d at 264. But here we need not consider prejudice or other negative effects of the delayed admission of additional parties, because there was no delay. The court had made no substantial ruling.

Prejudice to the defendant has no relevance beyond determining whether the intervention was timely. A belated filing may be deemed timely provided the defendant is not hampered in his defense by the late addition of a new party. *Mille Lacs Band*, 989 F.2d at 998. The filing here was not late.

■ There was no prejudice here in any event. The Yakama Nation participated in the hearings before the Klickitat County Board of Adjustment that resulted in the order under appeal. The Yakama Nation's claims present no surprises for the defendants. The timing of the motion allowed all parties ample time to prepare to meet any new issues. Contrary to both Enron's contention and the trial court's interpretation of the rule, prejudice in the context of CR 24(a) does not mean the extra bother resulting from having to deal with the intervenor's issues. *Mille Lacs Band*, 989 F.2d at 999. It refers only to difficulties caused by delay in bringing the motion.

### Yakama Nation's Interests Adequately Represented by Audubon Society

■ Denial of intervention as a matter of right will be reversed only to correct an error of law. *Spokane County v. State*, 136 Wn.2d 644, 649, 966 P.2d 305 (1998); *Westerman v. Cary*, 125 Wn.2d 277, 302, 892 P.2d 1067 (1994). On review, we accept the truth of well-pleaded allegations of interest for the purposes of CR 24(a). *American Discount*, 81 Wn.2d at 36.

■ A party has the right to intervene on timely motion if it claims an interest relating to the subject of the action, and if the disposition of the action may impair or impede its ability to protect that interest. *Id.* at 37. The determination is again fact specific. *Id.* at 40. Not much of a showing is required, however, to establish an interest. And insufficient interest should not be used as a factor for denying intervention. *Id.* at 41.

The court found that the Yakama Nation's "Complaint in Intervention includes several allegations and claims which fall outside the Audubon Society's Amended Petition For Review And Writ Of Certiorari." The claim of interest factor is then satisfied.

The intervenor need make only a minimal showing that its interests may not be adequately represented. *United States v. Brooks*, 163 F.R.D. 601, 604 (D. Or. 1995); *Califor-*

*nia v. Tahoe Reg'l Planning Agency*, 792 F.2d 775, 778 (9th Cir. 1986). The relevant questions are: Will the Audubon Society *undoubtedly* make *all* the Yakama Nation's arguments? That is, is the Audubon Society able and willing to make those arguments? Will the Yakama Nation more effectively articulate any aspect of its interest? It is not necessary that the intervenor's interest be in direct conflict with those of the existing parties. It is only necessary that the interest may not be adequately articulated and addressed. *American Discount*, 81 Wn.2d at 41. When in doubt, intervention should be granted. *Id.* at 40.

Enron also cites *Northwest Forest Resource Council v. Glickman*, 82 F.3d 825 (9th Cir. 1996). There, the Ninth Circuit found the would-be intervenor had no interest which would justify intervention. *Id.* at 838. The case therefore is not helpful here. Moreover, the court further noted that intervention usually is allowed to groups that have participated in the proceedings leading to the order at issue. *Id.*

Here, the Yakama Nation does have a demonstrable interest. And it has participated in the prior proceedings. The court acknowledged that participation by the Yakama Nation was appropriate. It nonetheless concluded that an informal association with the existing plaintiff would provide the opportunity to advocate, consult, and be otherwise represented. However, the intervention rules entitle an interested party to legal standing as a party plaintiff with the right to define, explain and defend its own interests directly. There is no more reason to suppose that the Audubon Society can advocate effectively for the Yakama Nation than that the Yakama Nation, however willing, could adequately present the concerns of the Audubon Society.

There are no tenable grounds or reasons to deny the Yakama Nation intervention in this proceeding. *Coggle v. Snow*, 56 Wn. App. 499, 504, 784 P.2d 554 (1990).

Reversed and remanded. The trial court is instructed to grant the motion to intervene pursuant to CR 24(a).

SCHULTHEIS, C.J., and KURTZ, J., concur.