33 P.3d 1110 (2001)
109 Wash.App. 80
Jeananne AGUIRRE, Individually, and on behalf of all the members of the Class of Persons similarly situated, Respondents,
v.
AT & T WIRELESS SERVICES, a foreign corporation, Respondent,
Kathleen Sanders, as class representative, Appellant.
No. 46876-6-1-I.
Court of Appeals of Washington, Division One.
November 13, 2001.
*1111 Ben Shafton, Morse & Bratt, Vancouver, for Appellant.
Laura Buckland, Seattle, for Respondent AT & T Wireless Services.
David Elliott Breskin, Daniel Foster Johnson, Short, Cressman & Burgess, Seattle, William W. Houck, Law Office of William W. Houck, Issaquah, for Jeananne Aguirre.
APPELWICK, J.
Kathleen Sanders appeals the King County Superior Court orders approving a settlement in a class action lawsuit (Aguirre settlement), denying her motion to intervene, and granting AT & T's motion to disapprove of her request to opt out the entire Clark County class that she represents. Sanders was a class member under the Aguirre statewide class action. She was also the class representative of a similar class action initiated in Clark County. The Aguirre class action included all members of the Clark County class who did not choose to opt out of the Aguirre settlement.
Sanders chose to opt out of the Aguirre settlement. She also attempted to opt out the entire Clark County class under her representation. Sanders has no interest in the Aguirre settlement after choosing to opt out. Sanders has no right to opt out the entire Clark County class. Her position as Clark County class representative does not improve her lack of standing. She therefore has no right to intervene or appeal the judgment approving the Aguirre settlement. We affirm.

FACTS
AT & T Wireless may have been charging city taxes to customers living outside city limits. Two customers initially complained. Appellant, Kathleen Sanders, brought a claim in Clark County Superior Court on January 5, 1998, on behalf of herself and all other similarly situated Clark County residents. Plaintiff, Jeananne Aguirre, filed a similar suit on March 25, 1998, in King County Superior Court on behalf of all similarly situated persons within the State of Washington. The Aguirre class was certified consisting of all affected AT & T customers within the state on July 30, 1998. The Sanders' class was certified on April 29, 1999, to include all affected Clark County residents and Sanders was named as the Clark County class representative.
By February 3, 2000, AT & T and Aguirre on behalf of the statewide class agreed to a settlement. King County Superior Court Judge Bates gave preliminary approval to the settlement. Judge Bates' order required class wide notice and provided a schedule for class members to opt out. The order provided,
13. Any Class member who has not requested exclusion, or who is not otherwise excluded, may appear and show cause why the proposed settlement of the Litigation should or should not be approved as fair, reasonable and adequate, or why the proposed final Order and Judgment should or should not be entered....
Notice was sent individually to current AT & T customers and summary notice was twice published in ten major area newspapers.
Sanders received individual notice of the Aguirre Settlement. She made a motion in Clark County to opt out the entire Clark County class from the Aguirre settlement. Clark County Superior Court Judge Ladley denied the motion, left the Clark County class intact despite the pendency of the Aguirre litigation, and redefined the Clark County class as follows,
Members of the Clark County Class who file a Proof of Claim and received a coupon pursuant to the settlement agreement in Aguirre will be deemed to have opted out of the Clark County Class. All other members of the Clark County Class will be deemed to retain their claims as part of this action.
On April 14, 2000, Sanders sent a letter to the Aguirre settlement claims manager, opting *1112 herself out of the settlement and attempting to opt out the entire Clark County class.[1] On the same day she sent the letter, Sanders filed a notice of intent to present argument in Aguirre and filed an objection to the Aguirre settlement. On May 15, 2000, she filed a brief in opposition to the settlement. On May 16, 2000, Sanders filed a motion to intervene in the case.
On May 17, 2000, a hearing was held pending final approval of the settlement. King County Superior Court Judge McDermott heard argument from Ben Shafton, Sanders' counsel, concerning objections to the Aguirre settlement and Sanders' motion to intervene. The court denied her motion to intervene and gave final approval of the Aguirre settlement. AT & T moved to disapprove of Sanders' opting out of the entire Clark County class. This motion was granted. Sanders appeals the denial of the motion to intervene, the final judgment and order of dismissal, and the granting of the motion to disapprove of Sanders' attempt to opt out the entire Clark County class.

ANALYSIS
I. Sanders' Rights as an Individual Class Member
Appellant makes numerous arguments regarding the equity of the Aguirre settlement with AT & T. After choosing to opt herself out of the settlement agreement, however, Sanders has no standing to object to the settlement, its fairness or lack thereof, or the parties agreed upon procedure of notification.
RAP 3.1 provides that only an "aggrieved party" may seek appellate review. An aggrieved party is one whose proprietary, pecuniary, or personal rights are substantially affected. Sheets v. Benevolent & Protective Order of Keglers, 34 Wash.2d 851, 855, 210 P.2d 690 (1949). Those who are not parties to an action may not appeal. In re Guardianship of Lasky, 54 Wash.App. 841, 850, 776 P.2d 695 (1989). Individuals who have elected to opt out of a settlement are not parties and have no standing to appeal. See Mayfield v. Barr, 985 F.2d 1090, 1093 (D.C.Cir.1993).
Sanders is not a party to this action because she chose to opt out from the Aguirre settlement. By opting out of the Aguirre class action, she has preserved her right to pursue a separate action against AT & T. The settlement, thus, has no affect on her proprietary, pecuniary, or personal rights and she has no standing to contest it as an individual.
II. Sanders' Rights and Duties as a Class Representative
Sanders further contends, that as Clark County class representative she has a duty to opt out the entire Clark County Class from the Aguirre settlement. The right to opt out of a class action settlement, however, is an individual right. As the Ninth Circuit held in Hanlon v. Chrysler Corporation,
The right to participate, or to opt-out, is an individual one and should not be made by the class representative or the class counsel. See Newberg and Conte, Newberg on Class Actions, § 16.16 at 90 (3d ed. 1992) ("The decision to exercise the right of exclusion in a Rule 23(b)(3) action is an individual decision of each class member and may not be usurped by the class representative or class counsel.") There is no class action rule, statute, or case that allows a putative class plaintiff or counsel to exercise class rights en masse, either by making a class-wide objection or by attempting to effect a group-wide exclusion from an existing class. Indeed, to do so would infringe on the due process rights of the individual class members, who have the right to intelligently and individually choose whether to continue in a suit as class members. Eisen v. Carlisle & Jacquelin, 417 U.S. 156, 173-77, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974). Additionally, to allow representatives in variously asserted class actions to opt a class out without the permission of individual class members "would lead to chaos in the management of *1113 class actions." Berry Petroleum Co. v. Adams & Peck, 518 F.2d 402, 412 (2d Cir.1975).
150 F.3d 1011, 1024 (9th Cir.1998). The reasoning applied by the Ninth Circuit under the federal rules of civil procedure are equally compelling in this state court proceeding under our civil rules. We hold the decision to opt out or remain party to the Aguirre settlement is an individual right of state-wide class members that Sanders has no right, much less a duty, to take away. Therefore, Sanders as class representative has no right to opt out the entire Clark County class. We affirm the trial court's order granting AT & T's motion to disapprove of the class-wide opt out.
III. Motion to Intervene
Sanders argues that the trial court erred in denying her motion to intervene. A denial of a motion to intervene as of right under CR 24(a) will be reversed, "only if an error of law has occurred." Westerman v. Cary, 125 Wash.2d 277, 302, 892 P.2d 1067 (1994). An error of law is an error in applying the law to the facts as pleaded and established. Westerman, 125 Wash.2d at 302, 892 P.2d 1067 (citations omitted). Under CR 24(a), one is allowed to intervene as of right in an action after establishing,
(1) timely application for intervention;
(2) the applicant claims an interest which is the subject of the action;
(3) the applicant is so situated that the disposition will impair or impede the applicant's ability to protect the interest; and
(4) the applicant's interest is not adequately protected by the existing parties.
Westerman, 125 Wash.2d at 303, 892 P.2d 1067. All four of these requirements must be met to justify a reversal. Westerman, 125 Wash.2d at 303, 892 P.2d 1067.
By opting out of the settlement, Sanders has established that she has no individual interest in the Aguirre settlement. Any speculation that approval of the Aguirre settlement would adversely affect the outcome of the Clark County class action that Sanders filed does not mean Sanders has an interest in the Aguirre settlement. Such considerations are not relevant to "interest" for purposes of CR 24(a). She has no standing to opt out any class members that she represents, nor to protest the settlement terms on their behalf. Since Sanders has failed to establish the interest prong there is no need to reach any of the others. Westerman, 125 Wash.2d at 303, 892 P.2d 1067.
Further, after the order denying appellant's motion to intervene is affirmed, an appellant has no standing to appeal any other order entered by the district court, and appellant's appeals from those orders must be dismissed. Marino v. Ortiz, 484 U.S. 301, 108 S.Ct. 586, 98 L.Ed.2d 629 (1988).
We affirm the trial court's denial of the motion to intervene. As a result Sanders' appeals from the judgment and order of dismissal are dismissed as well.
The orders of the trial court are affirmed.
WEBSTER, J., and KENNEDY, J., concur.
NOTES
[1] The effective date of the opt out is not stated, but Sanders' name appears on AT & T's listing of opt out elections on May 12, 2000.