FILED
COURT OF APPEALS
DIVISION II

2014 NOV 13 AM 8: 59

STATE OF WASHINGTON
BY
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STEPHEN J. WILSON and TRISH WILSON, husband and wife, | No. 44938-2-II |
| Respondents, | |
| v. | |
| MT. SOLO LANDFILL, INC., a Washington corporation; ROBERT RADAKOVICH, | |
| Defendants, | |
| KEYSTONE CONTRACTING INC., | UNPUBLISHED OPINION |
| Appellant. | |

WORSWICK, P.J. — Keystone Contracting, Inc. filed a motion to intervene in a nuisance action commenced by Stephen and Trish Wilson against Robert Radakovich and Mt. Solo Landfill, Inc., which motion the trial court denied. Keystone appeals, asserting that the trial court erred when it denied its motion to intervene as a matter of right under CR 24(a). Because Keystone failed to satisfy the requirements of CR 24(a), we affirm the trial court's order denying its motion to intervene.

## FACTS

Robert Radakovich is the sole corporate officer of Mt. Solo Landfill, Inc., a company that operated a landfill located in Longview, Washington. Stephen and Trish Wilson own property sharing a common boundary with the landfill. In February 2011, the Wilsons filed a nuisance complaint against Radakovich and Mt. Solo in Cowlitz County Superior Court, seeking

injunctive relief, as well as monetary damages for the diminution in value to their property, and mental anguish.

On August 8, 2011, the trial court entered an order limiting issues for trial, finding that Radakovich and Mt. Solo failed to respond to the Wilsons's request for admissions and, thus, the trial court would treat those requested admissions as established facts in the pending trial. On October 28, 2011, the trial court entered an order (1) denying Radakovich's and Mt. Solo's motion to vacate the trial court's August 8 order limiting issues for trial and (2) granting the Wilsons's motion for partial summary judgment. The trial court's October 28 order found the following:

> 1. There exists no basis to vacate the Court's Order of August 8, 2011.
> 2. The undisputed factual record establishes that the defendants violated the Minimum Functional Standards for Solid Waste Handling per WAC 173-304 and Cowlitz County Code 15.30; and
> 3. That defendants' post closure permit expired June 30, 2009; and the defendants have operated the subject landfill inconsistent with its previously approved Post Closure Plan, Landfill Gas Operations & Maintenance Plan, and Leachate Collection System Operations and Maintenance Plan.
> 4. There exists no genuine issue of material fact that the above unlawful acts and failure to perform legal duties constitute a nuisance per se, so that defendants, Mt. Solo Landfill, Inc., and Robert Radakovich are strictly liable to the plaintiffs for damages as a result.

Clerk's Papers (CP) at 39.

In December 2011, Mt. Solo conveyed some of its real property to Keystone Contracting, Inc. On December 5, 2012, the Wilsons filed a separate lawsuit against Mt. Solo and Keystone that sought to set aside the December 2011 conveyance, alleging that the defendants engaged in a fraudulent transfer of real property to avoid Mt. Solo's debt to the Wilsons.

On May 1, 2013, Keystone filed a motion to intervene as a matter of right in the Wilsons's nuisance suit against Radakovich and Mt. Solo under CR 24(a)(2), which motion the

trial court denied on May 15. Keystone appealed the trial court's order denying its motion to intervene.

## ANALYSIS

### I. MOTION TO INTERVENE

Keystone asserts that the trial court erred by denying its motion to intervene as a matter of right in the Wilsons's nuisance suit against Radakovich and Mt. Solo. We disagree.

We will reverse a trial court's denial of a party's motion to intervene as a matter of right "only if an error of law has occurred." *Westerman v. Cary*, 125 Wn.2d 277, 302, 892 P.2d 1067 (1994). In this context, an error of law is "'an error in applying the law to the facts as pleaded and established.'" *Westerman*, 125 Wn.2d at 302 (quoting *In Re Estate of Jones*, 116 Wash. 424, 426, 199 P. 734 (1921)) (internal quotations omitted). Thus, in determining whether Keystone was entitled to intervene in the Wilsons's nuisance action as a matter of right, we "'look to the pleadings, accepting the well pleaded allegations therein as true.'" *Westerman*, 125 Wn.2d at 302-303 (quoting *American Discount Corp. v. Saratoga W., Inc.*, 81 Wn.2d 34, 36, 499 P.2d 869 (1972)).

The court rule governing intervention, CR 24, provides in relevant part:

> **(a) Intervention of Right.** Upon timely application anyone shall be permitted to intervene in an action . . . (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Our Supreme Court has interpreted CR 24(a) as containing four requirements that a party must satisfy before the trial court must grant the party's motion to intervene as a matter of right:

(1) timely application for intervention; (2) an applicant claims an interest which is the subject of the action; (3) the applicant is so situated that the disposition will impair or impede the applicant's ability to protect the interest; and (4) the applicant's interest is not adequately represented by the existing parties.

*Westerman*, 125 Wn.2d at 303. If Keystone fails to satisfy any of these four requirements, we need not examine the remaining requirements and must uphold the trial court's order denying its motion to intervene. *Westerman*, 125 Wn.2d at 303.

A.      *Keystone's Motion To Intervene was Timely*

As a preliminary matter, the Wilsons argue that Keystone's motion to intervene in the nuisance suit was not timely. We disagree.

Keystone's motion was timely because it filed its intervention motion on May 1, 2013, well before the November 26, 2013 scheduled start of trial. *See, e.g., American Discount Corp. v. Saratoga West, Inc.*, 81 Wn.2d 34, 43, 499 P.2d 869 (1972) (a motion to intervene under CR 24(a)(2) is timely if filed prior to trial). The cases the Wilsons rely on regarding timeliness of a motion to intervene address motions filed after entry of judgment and, as such, are not applicable to the facts here.[1] *See* Br. of Respondent at 2, 5 (citing *Kreidler v. Eikenberry*, 111 Wn.2d 828, 766 P.2d 438 (1989); *Martin v. Pickering*, 85 Wn.2d 241, 533 P.2d 380 (1975); *Olver v. Fowler*, 131 Wn. App. 135, 126 P.3d 69 (2006), *aff'd*, 161 Wn.2d 655, 168 P.3d 348 (2007); *Columbia Gorge Audubon Soc'y v. Klickitat County*, 98 Wn. App. 618, 626, 989 P.2d 1260 (1999)).

---

[1] Keystone also satisfies the requirement that its interests in the nuisance lawsuit would not be adequately represented by the existing parties. Radakovich and Mt. Solo failed to respond to requests for admissions, resulting in the trial court treating those admissions as established facts. Additionally, the trial court ultimately entered a default judgment against Radakovich and Mt. Solo.

B.  *Keystone's Claimed Interest in the Nuisance Lawsuit is Insufficient*

In its motion to intervene, Keystone claimed that it had an interest in minimizing a damages award to the Wilsons in their nuisance suit against Radakovich and Mt. Solo because:

> *If* plaintiffs are successful in their fraudulent transfer action, they will be entitled to levy execution on property Mt. Solo Landfill, Inc. conveyed to Keystone. RCW 19.40.071(b). To avoid execution, Keystone *may* choose to pay the judgment.

CP at 9 (footnote omitted) (emphasis added).

Accepting Keystone's pleadings as true, its claimed interest in the Wilsons's nuisance suit is still, at best, speculative and is contingent on the Wilsons (1) succeeding in their fraudulent transfer action against it and Mt. Solo, and (2) choosing to execute the judgment against the real property Keystone claims it purchased in good faith and for reasonable value. Although there is scant case law addressing whether a claimed interest that is contingent on the outcome of a separate action is too speculative to satisfy the requirements of CR 24, Division One of this court has addressed a similar issue in *Aguirre v. AT&T Wireless* Services, 109 Wn. App. 80, 33 P.3d 1110 (2001).

In *Aguirre*, the intervention applicant was a member of a class action suit against AT&T that later opted out of class after the trial court preliminarily approved a settlement agreement between AT&T and the class members. 109 Wn. App. at 83-84. After opting out of the class, the applicant moved to intervene in the action to contest the proposed settlement agreement, which motion the trial court denied. *Aguirre,* 109 Wn. App. at 84. The *Aguirre* Court upheld the trial court's order denying the applicant's motion to intervene, reasoning:

5

Any speculation that approval of the Aguirre settlement would adversely affect the outcome of [a separate] class action [suit against AT&T] that [the applicant] filed does not mean [the applicant] has an interest in the Aguirre settlement. Such considerations are not relevant to "interest" for purposes of CR 24(a).

109 Wn. App. at 87.

Here, Keystone's claimed interest in minimizing the damages flowing from the Wilson's nuisance suit against Radakovich and Mt. Solo only arises if (1) Keystone is found to have engaged in a fraudulent transfer, an issue yet to be determined in the separate action filed against it, *and* (2) the Wilsons's choose to levy execution against the fraudulently transferred property or its proceeds under RCW 19.40.071. As in *Aguirre*, this claimed interest is too speculative to meet the requirements of CR 24(a)(2).

Although we hold that Keystone's claimed interest in the Wilsons's nuisance suit is insufficient to satisfy CR 24(a)(2), even if it were sufficient, Keystone also fails to demonstrate that it is "so situated that the disposition [of the nuisance suit would] impair or impede [Keystone's] ability to protect [it's] interest." CR 24(a)(2). To the extent that Keystone has any interest in the damages award flowing from the Wilsons's nuisance suit against Radakovich and Mt. Solo, such interest is contingent on the outcome of the Wilsons's separate fraudulent transfer suit against it and Mt. Solo. As a party in the fraudulent transfer suit, Keystone is in a position to protect its interest by defending against the Wilsons's claim that it had engaged in a fraudulent transfer with Mt. Solo. Accordingly, we affirm the trial court's denial of Keystone's motion to intervene.

## II. ATTORNEY FEES

The Wilsons's request that we sanction Keystone and award the Wilsons's attorney fees and costs under RAP 18.9 for Keystone's conduct in filing a frivolous appeal intended to harass

6

No. 44938-2-II

the Wilsons and to delay resolution of their nuisance suit. "'[A]n appeal is frivolous if there are no debatable issues upon which reasonable minds might differ, and it is so totally devoid of merit that there was no possibility of reversal.'" *Millers Cas. Ins. Co., of Texas v. Briggs*, 100 Wn.2d 9, 15, 665 P.2d 887 (1983) (quoting *Streater v. White*, 26 Wn. App. 430, 434-35, 613 P.2d 187 (1980)). Although ultimately meritless, given the scant case law on the issue, we hold that Keystone's appeal presented debatable issues and was not "'so totally devoid of merit that there was no possibility of reversal.'" *Millers*, 100 Wn.2d at 15 (quoting *Streater*, 26 Wn. App. at 434-35). Accordingly, we deny the Wilsons's request for attorney fees and costs.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Worswick, P.J.

We concur:

_____
Lee, J.

_____
Sutton, J.

7