[No. 45775-6-I.  Division One.  December 26, 2000.]

SPLASH DESIGN, INC., *Respondent*, v. MEESAUN LEE, *Defendant*, GLEN PRIOR, P.S., INC., ET AL., *Appellants.*

*Glen A. Prior* (of *Law Firm of Glen Prior, P.S., Inc.*), for appellants.

*F. Michael Kovach* (of *Mair, Camiel & Kovach*), for respondent.

AGID, C.J. — This appeal requires us to determine: (1) whether the trial court may enter a money judgment against an attorney and require him to participate in supplemental proceedings when he fails to pay CR 11 attorney fees and costs assessed against him and (2)

whether the attorney-client privilege in general and the legal advice exception in particular protect the client identity information sought in this case by interrogatory during supplemental proceedings. We answer the first question in the affirmative and the second in the negative.

## FACTS AND PROCEDURAL HISTORY

Splash Design sued attorney Karl Park and Park's employer, the Law Firm of Glen Prior, P.S., Inc. (the Firm), based on Park's handling of an escrow transaction. Splash Design alleged Park breached his fiduciary duty and violated the Consumer Protection Act (CPA) and that the Firm was liable under theories of negligent supervision and respondeat superior. Another attorney at the Firm, Glen Prior, represented Park and the Firm. After a July 1999 bench trial, the trial court awarded damages, as well as attorney fees and costs under CR 11,[1] to Splash Design.

The trial court entered a money judgment, which named Park, the Firm, and Prior as "judgment debtors." The money judgment specified that Park and the Firm were liable for $26,206.40 in damages, and that they, together with Prior, owed $54,701.57 to Splash Design for attorney fees and costs. As of September 9, 1999, however, none of the debtors had made any payments or payment arrangements.[2] Accordingly, Splash Design moved for an order of supplemental proceedings under chapter 6.32 RCW. The trial court granted the motion and ordered the debtors to

---

[1] The court found that the defendants' arguments were frivolous and pursued for the purpose of harassment and needlessly increasing the cost of the litigation. It therefore assessed fees and costs under CR 11 against Park and the Firm, and Prior individually. The court also found that the award was appropriate under the frivolous lawsuit statute, RCW 4.84.185, the CPA, and the court's inherent equitable authority. The defendants appealed, and this court affirmed the fees and costs award on CR 11 grounds. See *Splash Design, Inc. v. Lee*, No. 45076-0-I, slip op. at 11-12 (Wash. Ct. App. Dec. 4, 2000).

[2] For ease of reference we refer to Park, Prior, and the Firm collectively as "debtors," although one of the issues on appeal is whether the trial court properly characterized Prior, a nonparty attorney, as a "judgment debtor."

answer interrogatories[3] and appear for debtor's examination[4] in early November.

In October, the debtors moved to quash the order for supplemental proceedings on two grounds. First, Prior claimed the court did not have jurisdiction to treat him as a "judgment debtor" because he was not a party, and therefore the money judgment was void.[5] Thus, Prior argued, he was not subject to supplemental proceedings because they were based on the money judgment. Second, the debtors claimed the ex parte motion for supplemental proceedings violated due process because they were not served ahead of time and had no opportunity to be heard before the court issued the order. Accordingly, they argued, the order for supplemental proceedings was void. The court denied the motion to quash and noted that "the defendants' motion is frivolous in that it is neither well founded in fact nor supported by law . . . ." The court then renewed its order requiring the debtors to answer the interrogatories.

On November 2, Park appeared for his debtor's examination but, based on attorney-client privilege, refused to answer interrogatory 15. That question read:

> Interrogatory No. 15: If the Judgment Debtor is self-employed, please provide the following information regarding that business:
>
> . . . .
>
> c. Provide the name, address, phone number and current account balance of each existing customer or client.

The court continued Park's examination until later that month, and required the parties to submit briefs on the matter by November 11. In the meantime, Splash Design received the debtors' interrogatory responses. Park and the

---

[3] *See* RCW 6.32.015.

[4] *See* RCW 6.32.010.

[5] After trial, Splash Design asked the trial court to add Prior as a defendant because of his personal involvement in the alleged wrongdoing as Park's supervisor. The court denied the motion, and this court affirmed that decision as well. *See Splash Design*, No. 45076-0-I, slip op. at 13.

Firm again declined to answer Interrogatory 15 based on the attorney-client privilege, and Prior again objected to the interrogatories in general, reiterating the already-rejected claim that he could not be a judgment debtor because "he is not a party to this action, was not served a summons or complaint, and had no notice or opportunity to defend himself."

On November 8, Splash Design moved to compel answers to the interrogatories. They contended the debtors had not proven that attorney-client privilege prohibits the disclosure of their clients' names, addresses, phone numbers and current account balances; Prior's nonparty status does not exempt him from supplemental proceedings to recover the CR 11 sanctions; and Prior's objection to the interrogatories was "frivolous or interposed for an improper purpose so that further Rule 11 sanctions should be imposed against him[.]" The debtors responded, reasserting the same contentions. They also claimed that many of the Firm's clients were immigrants and revealing their identity could jeopardize their immigration status.

The trial court entered an order compelling all of the debtors to answer the interrogatories in full. The debtors appeal that order.

## DISCUSSION

### Supplemental Proceedings for a Nonparty Attorney

Prior argues that the "judge was without jurisdiction to make [him] a judgment debtor and subject him to . . . statutory supplemental proceedings against judgment debtors because he was not a party to the action and was not served with a summons and complaint." According to Prior, CR 11 "does not authorize the court to make a sanctioned non-party a judgment debtor under enforcement of judgment statutes." Splash Design responds simply that the award of CR 11 sanctions was properly reduced to judgment because it is an order from which an appeal lies. We affirm the court's decision to enter the money judgment

against Prior and order his participation in supplemental proceedings.

In Washington, a lawyer sanctioned under CR 11 is an "aggrieved party" and may therefore seek review of the sanctions under RAP 3.1.[6] Similarly, under federal case law an attorney sanctioned under Rule 11 is the real party in interest for purposes of appealing those sanctions and should be named in the notice of appeal.[7] Courts customarily memorialize such awards in the final judgment, notwithstanding that imposition of CR 11 sanctions is not a judgment on the merits of an action,[8] and CR 54(a)(1) defines "judgment" as "the final determination of *the rights of the parties* in an action . . . ."[9] Because a sanctioned attorney thus becomes a party for purposes of appeal, it was appropriate for the trial court to treat Prior as a party for purposes of collecting the sanctions it imposed during trial.

In addition, the supplemental proceeding statute, RCW 6.32.010-.350, is the exclusive method for obtaining the information necessary to collect money awarded by the court, and nothing in the statute prohibits invoking it against a nonparty attorney sanctioned under CR 11.[10] In the absence of statutory language to the contrary, it would be unfair to deny a party to whom an award is due under CR 11 the benefits and protections of supplemental proceedings just because the sanctioned attorney is a nonparty.[11]

---

[6] *See In re Guardianship of Lasky*, 54 Wn. App. 841, 850, 776 P.2d 695 (1989). An aggrieved party is one whose proprietary, pecuniary, or personal rights are substantially affected. *Id.*

[7] *See* 5A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 1337, at 133-34 (1990) (citing cases). This court looks to federal courts for guidance in construing CR 11. *Lasky*, 54 Wn. App. at 851.

[8] *See Biggs v. Vail*, 124 Wn.2d 193, 198, 876 P.2d 448 (1994).

[9] (Emphasis added.)

[10] *See Allen v. Am. Land Research*, 25 Wn. App. 914, 924, 611 P.2d 420 (1980), *rev'd on other grounds*, 95 Wn.2d 841, 631 P.2d 930 (1981).

[11] We reject Prior's assertion that Splash Design should be required to file another summons and complaint to enforce the CR 11 sanctions and reduce it to judgment before it can obtain relief under RCW 6.32.010-.350 with respect to Prior. The procedure he proposes exalts form over substance, achieving no benefit

The trial court properly included Prior in its order for supplemental proceedings.

### Interrogatory 15 and the Attorney-Client Privilege

The debtors maintain on appeal that the information requested in interrogatory 15 is "confidential, secret, and privileged . . . ." When they invoked the attorney-client privilege below, the trial court ultimately ruled that the privilege protected only a limited group of the Firm's clients, concluding: "the Judgment Debtors have failed to establish that the name, address and account receivable information of *all* clients would be within the protected scope of the privilege."[12] Accordingly, the court ordered the debtors to answer all interrogatories with respect to "all non-immigration matter clients" and "immigration clients whose identities are already known in court or administrative proceedings."[13] We disagree; on this record, the attorney-client privilege does not protect any of the information requested by interrogatory 15.[14]

██ ██ Washington's statutory attorney-client privilege protects communications and advice between an attorney and client.[15] Ordinarily a client's identity does not fall within the purview of the attorney-client privilege unless there is a strong probability that disclosure would convey the substance of confidential communications between the client and attorney, a rule commonly known as the legal advice exception.[16] Here, the debtors mistakenly argue that the legal advice exception protects their clients' identities

---

except additional expense and delay in concluding this matter.

[12] (Emphasis added.)

[13] We interpret this language to mean immigrant clients currently involved in court or administrative proceedings.

[14] We therefore do not consider Splash Design's cross-appeal, which assigns error to the court's order compelling answers to interrogatories to the extent it allows the debtors to rely on the attorney-client privilege to withhold some of the information requested.

[15] *See* RCW 5.60.060(2)(a).

[16] *Dietz v. Doe*, 131 Wn.2d 835, 846-47, 935 P.2d 611 (1997).

from discovery in the context of supplemental proceedings.[17]

■ First, the debtors erroneously conflate the legal advice exception with their general claims that any disclosure of Firm clients' identities would be unfair because current immigration laws are so severe. The proper focus in determining whether the legal advice exception applies is the likelihood that disclosure of a client's identity will reveal the substance of confidential communications between attorney and client, not other potential problems. The debtors' nonspecific allegation that turning over the name, address, and phone number of Firm clients could subject at least some of the clients to severe immigration consequences fails to meet this requirement. Thus, the debtors' reliance on the legal advice exception is both misplaced and unsuccessful.[18]

■ But we must also acknowledge, as the trial court did, their concern that disclosure of Firm clients' identities could confuse its clients with immigration problems and heighten their fear and distrust of our legal system. In order to avoid these potential problems, the trial court properly imposed a protective order "prohibiting [Splash Design's attorney] from revealing that information for any purpose other than collecting the money due to the Judgment Creditor . . . ." and instructed that the information could not be turned over to any collection agency "other than counsel for [Splash Design]." Additionally, we direct the trial court to order that:

1) The debtors need disclose only the identity of and

---

[17] An essential prerequisite to considering whether a particular communication or piece of advice is within the privilege is the existence of an attorney-client relationship, which the debtors have the burden of proving. *See id.* at 843-44. This record does not contain enough information to determine whether an attorney-client relationship exists with some or all of the Firm clients. We assume the presence of that relationship only for the sake of analysis.

[18] The debtors also mention RPC 1.6, which provides: "A lawyer shall not reveal confidences or secrets relating to representation of a client unless the client consents after consultation, except for [two situations not relevant here]." But they make no attempt to argue why RPC 1.6 protects what the statutory attorney-client privilege does not.

location information for clients with balances owed;[19] and

2) Any necessary court proceedings involving Firm clients be closed and confidential.

These additional protections will prevent any possibility that the identity of Firm clients will be improperly revealed to immigration or law enforcement authorities, and will help to assuage the clients' fears about any legal proceedings that may be necessary.[20] Should further proceedings raise any new concerns about protecting Firm clients' identities, we are confident the trial court will be able to fashion effective protective orders accordingly.

The debtors' remaining argument is frivolous. Citing 8 U.S.C. § 1255a(c)(5), they claim they will be criminally liable for releasing the identity of some of their clients. But that section is wholly inapposite here. It is part of the statutory framework for an immigration procedure known as "adjustment of status" and applies only to federal government officials involved in that particular process.

██ Finally, Splash Design claims the debtors' appeal is frivolous and was filed in bad faith, and that this court should award Splash Design its fees as sanctions against the debtors under RAP 18.9(a). It also contends the trial court erred in failing to impose CR 11 sanctions when the debtors invoked the attorney-client privilege below. We deny both requests. First, because there is no obvious legal authority about whether a nonparty attorney can be a judgment debtor and made subject to supplemental proceedings under chapter 6.32 RCW, that claim was not frivolous. Second, although the debtors' attorney-client privilege claim was weak at best, their urgings with respect

[19] This is especially appropriate in view of the debtors' claim that most of the Firm's clients pay an up-front fee for particular legal services and therefore do not have account balances.

[20] While it is reasonable to assume that not all Firm clients need special protections (e.g., some Firm clients may be U.S. citizens), our approach will allow the trial court to avoid a case-by-case inquiry into the situation of each Firm client and, we hope, enable Splash Design to recover the money it is owed in a more timely fashion.

48

to special protections needed for their immigrant clients are well founded.

Affirmed in part, reversed and remanded in part.

COLEMAN and BAKER, JJ., concur.

Review denied at 143 Wn.2d 1022 (2001).