[No. 50248-4-I. Division One. January 20, 2004.]

RAYMOND BREDA, ET AL., *Appellants*, v. B.P.O. ELKS LAKE CITY 1800 SO-620, ET AL., *Respondents*.

*D. Michael Tomkins*; and *Philip A. Talmadge* (of *Talmadge Law Group, P.L.L.C.*), for appellants.

*Steven V. Lundgren* and *Walter E. Barton* (of *Karr Tuttle Campbell, P.S.C.*) and *Matthew Turetsky* (of *Schwabe Williamson & Wyatt*), for respondents.

GROSSE, J. — Clients are not "aggrieved parties" to sanctions against their attorneys at trial and may not appeal the sanctions on behalf of their attorneys. We affirm.

This was originally a personal injury lawsuit brought by Raymond and Joan Breda for injuries Raymond suffered while changing the swimming pool filter at the Lake City Elks Club. The Bredas retained counsel to represent them at trial. During trial on February 6, 2002, counsel committed misconduct, the details of which need not be restated. Suffice it to say that the trial court's dismay and the sanctions imposed, including declaring a mistrial, are amply justified by the record. Indeed, the record reflects counsel's apology, offer to pay costs and incur a fine, and admission that his conduct justified a mistrial if the defendants were prejudiced. The trial court did order him to pay costs and attorney fees and declared a mistrial. The Bredas recognize that there is no practical remedy if the court erred in granting that mistrial but stress that their attorney's sanctions flowed from the trial court's grant of a mistrial and should be reversed.

A new trial has been held in this action and the trial court's decision to grant a mistrial is therefore moot. However, only the Bredas, and not counsel, were named as parties to this appeal. The respondent B.P.O. Elks Lake City 1800 SO-620 has filed a motion to dismiss, alleging that the Bredas are not aggrieved parties to the attorney fees and cannot appeal the fees on behalf of counsel. We agree.

 Only an aggrieved party may appeal to this court.[1] "An aggrieved party is one whose proprietary, pecuniary, or personal rights are substantially affected."[2] A lawyer who is sanctioned by a court becomes a party to an action and thus may appeal as an aggrieved party.[3] However, although an attorney may appeal sanctions in his own behalf, he may not appeal decisions that solely affect his clients because his rights are not affected by the rulings and he is not an aggrieved party under RAP 3.1.[4] The converse is true as well.

The Bredas' proprietary, pecuniary, or personal rights were not substantially affected, and they were not damaged by the attorney fees imposed as sanctions against counsel for his discovery violations.[5] Thus, they were not aggrieved parties under RAP 3.1. Because the Bredas were not the aggrieved party, and because counsel did not appeal on his own behalf, the appeal should be dismissed. The Bredas' contention that RAP 3.2(a) operates to substitute counsel as the appealing party is unpersuasive. That rule provides:

> The appellate court will substitute parties to a review when it appears that a party is deceased or legally incompetent or that the interest of a party in the subject matter of the review has been transferred.

None of the contingencies specified by that rule are satisfied here.

---

[1] RAP 3.1 ("Only an aggrieved party may seek review by the appellate court."); *City of Tacoma v. Taxpayers of City of Tacoma*, 108 Wn.2d 679, 685, 743 P.2d 793 (1987).

[2] *Cooper v. City of Tacoma*, 47 Wn. App. 315, 316, 734 P.2d 541 (1987) (citing *Sheets v. Benevolent & Protective Order of Keglers*, 34 Wn.2d 851, 855, 210 P.2d 690 (1949)).

[3] *Splash Design, Inc. v. Lee*, 104 Wn. App. 38, 44, 14 P.3d 879 (2000) (attorney sanctioned under CR 11).

[4] *Johnson v. Mermis*, 91 Wn. App. 127, 955 P.2d 826 (1998) (attorney could appeal CR 11 and CR 37 sanctions, but could not appeal the trial court's denial of his client's motion to strike the trial date, its dismissal of his client's third party claims, or its exclusion of one of his client's witness's testimony as a discovery sanction).

[5] *See, e.g., Cooper*, 47 Wn. App. at 316 (citing *Sheets*, 34 Wn.2d at 855).

■ Moreover, if counsel had properly appealed the sanctions and fees on his own behalf, we would affirm. Absent an abuse of discretion, this court will not overturn a trial court's decision to impose sanctions against an attorney.[6] There certainly was no abuse of discretion here.

The decision of the trial court is affirmed.

BAKER and SCHINDLER, JJ., concur.

---

[6] *Wash. State Physicians Ins. Exch. & Ass'n v. Fisons Corp.*, 122 Wn.2d 299, 338, 858 P.2d 1054 (1993); *Snedigar v. Hoddersen*, 114 Wn.2d 153, 169, 786 P.2d 781 (1990).