## IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In the Matter of the Marriage of, | No. 52554-2-II |
| ASHLIE RENEE RITTSCHER, | |
| Respondent, | |
| And | UNPUBLISHED OPINION |
| DANIEL GILBERT RITTSCHER, | |
| Appellant. | |

MAXA, C.J. – Daniel Rittscher appeals the trial court's denial of his petition to obtain reimbursement of day care expenses from his former wife, Ashlie Rittscher (now Anderson), under RCW 26.19.080(3). Daniel[1] argues that the trial court erred in (1) denying his petition because Ashlie did not actually incur day care expenses after 2013, and (2) imposing sanctions against his attorney under CR 11.

We (1) affirm the trial court's denial of Daniel's petition for reimbursement of day care expenses, and (2) dismiss Daniel's appeal of the imposition of CR 11 sanctions against his attorney because Daniel is not an aggrieved party under RAP 3.1.

---

[1] For clarity, we refer to the parties by their first names. No disrespect is intended.

FACTS

This appeal arises from dissolution proceedings between Daniel and Ashlie. The trial court ordered dissolution on September 25, 2013. The trial court apparently issued a child support order as part of the dissolution, in which Daniel was ordered to pay day care expenses for the parties' minor child, TR.

In October 2017, Daniel filed a petition for reimbursement of day care expenses. He argued that Ashlie had not incurred day care expenses and sought reimbursement under RCW 26.19.080(3) in the form of a credit against his future child support payments. Daniel's supporting declaration stated that TR had been attending full time kindergarten since 2013 and that to his knowledge, she had not been attending any day care since about 2013. However, he stated that he had been paying $583 per month for day care under the original child support order.

In her responsive declaration, Ashlie acknowledged that Daniel had paid day care costs for four years, but stated that he knowingly and willingly continued to pay day care costs even though he knew that TR was not attending day care. According to Ashlie, in November 2013 Daniel, Ashlie, and Ashlie's wife Cassi Anderson met to discuss Ashlie and Cassi's impending move. Ashlie stated:

> During this conversation, we all decided that it would be best for [TR] if Cassi could quit her job as a daycare teacher, and stay at home to care for [TR] fulltime. This would be a large monetary reduction for Cassi and me, and the only way we could make it work is if DANIEL continued making his portion of child care expenses. DANIEL agreed to do so because it was best for [TR].

Clerk's Papers at 68.

Cassi submitted a declaration in which she confirmed Daniel's agreement that she would quit her job as a day care teacher to care for TR full time at home. She stated that the family's

income was reduced by $2,000 per month because she was providing care to TR. And she stated that once Daniel decided he did not want to adhere to the agreement, she returned to work and TR was placed in before and after school day care.

In December, Ashlie apparently filed a motion for a temporary family law order, requesting that a more restrictive parenting plan be entered. She requested that the parenting plan prohibit Daniel from visiting the child, based on a protection order issued in another case. In February 2018, the trial court entered an order appointing a guardian ad litem (GAL) on behalf of the minor child to address all parenting plan issues and other specific issues.

On June 26, Daniel filed a motion to remove the GAL for cause. He claimed that the GAL should be disqualified because one of the issues she was investigating was domestic violence between Daniel and Ashlie, and he alleged that the GAL had been involved in her own domestic violence incidents. Daniel also stated a number of complaints about the GAL's investigation, her objectivity, and her billing practices.

On July 10, the trial court heard argument on Ashlie's motion for a more restrictive parenting plan and on Daniel's petition for reimbursement of day care expenses and motion to remove the GAL. Ashlie argued that Daniel's motions were frivolous and that there was ample basis for CR 11 sanctions.

The trial court denied Daniel's petition for reimbursement, stating that "it sounds like [Daniel] hasn't paid anything." Report of Proceedings (RP) at 15. Daniel's attorney stated that she thought the petition for reimbursement had been stricken, but the court noted that the motion was on the docket and stated again that the motion was denied.

The trial court also denied Daniel's motion to remove the GAL. The court stated that the motion was "absolutely frivolous" and had "no factual basis whatsoever." RP at 14-15.

The court on its own motion imposed CR 11 sanctions against Daniel's attorney in the amount of $350. On July 24, the trial court entered an order that denied Daniel's motions and ordered Daniel's attorney to pay $350 to Ashlie.

Daniel filed a motion for reconsideration on the same date the order was filed. He submitted a declaration attaching documentation regarding Ashlie's payment of day care expenses. The record does not reflect whether the trial court considered the additional documentation on reconsideration or how the court ruled on the motion.

Daniel appeals the trial court's denial of his motion for reimbursement of day care expenses and the imposition of CR 11 sanctions against his attorney. Daniel's attorney did not file a notice of appeal regarding the sanctions.

## ANALYSIS

A.    PETITION FOR REIMBURSEMENT OF DAY CARE EXPENSES

Daniel argues that the trial court erred in denying his motion for reimbursement of day care expenses under RCW 26.19.080(3). We disagree.[2]

Under RCW 26.19.080(3), "'[i]f an obligor pays court . . . ordered day care . . . expenses that are not actually incurred, the obligee must reimburse the obligor for the overpayment if the overpayment amounts to at least twenty percent of the obligor's annual day care . . . expenses.'" When ordered day care expenses are not incurred, reimbursement is mandatory. *In re Marriage of Barber*, 106 Wn. App. 390, 394-95, 398, 23 P.3d 1106 (2001).

---

[2] Initially, Ashlie argues that Daniel's appeal is moot because Daniel's motion for reconsideration was untimely. But Daniel's motion clearly was filed within 10 days after the court's written order, as required under CR 59 (b). In any event, Daniel's notice of appeal was timely filed within the 30-day time limit under RAP 5.2. When Daniel filed a motion for reconsideration is immaterial.

Where the trial court has weighed the evidence, our review is limited to ascertaining whether the findings of fact are supported by substantial evidence and, if so, whether the findings support the conclusions of law and the judgment. *In re Wash. Builders Benefit Trust*, 173 Wn. App. 34, 65, 293 P.3d 1206 (2013). Substantial evidence is evidence that is sufficient to persuade a fair-minded person of the truth of the premise stated. *Id.*

Here, the trial court's explanation for denying Daniel's motion for reimbursement of day care expenses was the somewhat cryptic statement that "it sounds like [Daniel] hasn't paid anything." RP at 15. It is possible that the court concluded that Daniel had not submitted sufficient documentation that he actually had paid day care expenses. But in light of Ashlie's agreement that Daniel had paid day care expenses for four years, such a conclusion would not be supported by substantial evidence.

However, we can affirm the trial court on any basis supported by the record. *Larson v. State*, 9 Wn. App. 2d 730, 744, 447 P.3d 168 (2019). Here, the record supported a finding that Ashlie was incurring day care expenses. Ashlie's wife Cassi quit her job – as a day care teacher – in order to provide in-home care for TR. This means that Cassi was providing day care to TR before and after school. And Ashlie essentially was incurring day care expenses because her wife's care of TR resulted in a $2,000 per month reduction in Ashlie and Cassi's joint income. This loss in family income was far greater than the day care expense that Daniel was paying.

In addition, the evidence supports a finding that Daniel agreed to this arrangement. He agreed that he would continue to pay day care expenses to offset Cassi's loss of income as a result of her care of TR.

The question is whether the reduction of income to allow Cassi to provide care to TR constitutes "day care" expenses that Ashlie incurred under RCW 26.19.080(3). Because the

statute does not define "day care," we interpret the term "in a manner that serves the best interests of children." *In re Marriage of Mattson,* 95 Wn. App. 592, 600, 976 P.2d 157 (1999). We conclude that under the specific facts of this case, Ashlie's reduction in community income constituted day care expenses because as Daniel himself recognized, having Cassi care for TR was in TR's best interests. Therefore, Ashlie did incur the day care expenses that Daniel paid and Daniel was not entitled to reimbursement under RCW 26.19.080(3).

We hold that the trial court did not err in denying Daniel's petition for reimbursement of day care expenses.

B.     CR 11 SANCTIONS AGAINST ATTORNEY

Daniel argues that the trial court abused its authority when it imposed CR 11 sanctions on his attorney. We dismiss the appeal of the CR 11 order because Daniel is not an aggrieved party under RAP 3.1 regarding this order.

RAP 3.1 states, "Only an aggrieved party may seek review by the appellate court." An aggrieved party is one whose own rights are substantially affected. *Breda v. B.P.O. Elks Lake City*, 120 Wn. App. 351, 353, 90 P.3d 1079 (2004). "Clients are not 'aggrieved parties' to sanctions against their attorneys at trial and may not appeal the sanctions on behalf of their attorneys." *Id.* at 352. Because the CR 11 sanctions were imposed only against Daniel's attorney, Daniel is not an aggrieved party under RAP 3.1.

Accordingly, we dismiss Daniel's appeal of the trial court's imposition of sanctions against his attorney.

C.     ATTORNEY FEES ON APPEAL

Ashlie requests an award of reasonable attorney fees against Daniel in the amount based on RAP 18.9 because his appeal is frivolous. We decline to award attorney fees.

Under RAP 18.9(a), an appellate court may impose sanctions for a frivolous appeal. An appeal is frivolous if it presents "no debatable issues upon which reasonable minds might differ" and is "so totally without merit that there is no reasonable possibility of a reversal." *Advocates for Responsible Dev. v. W. Wash. Growth Mgmt. Hr'gs Bd.*, 170 Wn.2d 577, 580, 245 P.3d 764 (2010). Here, Daniel's appeal of the order denying his petition for reimbursement of day care expenses was not completely frivolous. Therefore, we decline to award Ashlie her attorney fees on appeal.

## CONCLUSION

We affirm the trial court's denial of Daniel's petition for reimbursement of day care expenses and dismiss Daniel's appeal of the order imposing CR 11 sanctions on Daniel's attorney.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
MAXA, C.J.

We concur:

_____
MELNICK, J.

_____
GLASGOW, J.