**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

**DIVISION II**

| | |
|---|---|
| DOMINICK BYRD, | No. 54347-8-II |
| Appellant, | |
| v. | |
| ALETTA HORTON and MBK HOUSING, LLC, | UNPUBLISHED OPINION |
| Respondents, | |
| and | |
| RICHARD SIMPSON, an attorney, | |
| Appellant. | |

CRUSER, J. – Dominick Byrd brought a negligence suit against his landlord, Aletta Horton, and MBK Housing, LLC. Eventually, the case settled. Following the settlement agreement, Byrd challenged the settlement; the trial court compelled the settlement and dismissed the case. Byrd appealed, and his appeal was dismissed with prejudice. Ruling Dismissing Appeal, *Byrd v. Horton*, No. 53216-6-II, at 2 (Wash. Ct. App. Sept. 23, 2019).

The trial court also sanctioned Byrd's attorney, Richard Simpson, multiple times for his conduct during Byrd's case. Simpson refused to pay the sanctions, and the trial court held that

No. 54347-8-II

Simpson was in contempt of court. Simpson appeals the court's contempt order and the underlying sanctions.[1]

We decline to consider Simpson's appeal.

RAP 10.3

Simpson asserts that the trial court erred in imposing sanctions against him and holding him in contempt of court.[2]

RAP 10.3(a)(6) directs each party to supply in its brief, "argument in support of the issues presented for review, together with citations to legal authority and references to relevant parts of the record." Furthermore, "[p]assing treatment of an issue or lack of reasoned argument" does not merit our consideration. *Holland v. City of Tacoma*, 90 Wn. App. 533, 538, 954 P.2d 290 (1998). Simpson fails to provide this court with *any* argument in his opening brief regarding the sanctions or the contempt order, and Simpson fails to provide any citations to the record or to legal authority.[3]

---

[1] When a lawyer is sanctioned by the trial court, the lawyer becomes a party to the action and may appeal the sanction as an aggrieved party. *Breda v. B.P.O. Elks Lake City 1800 So-620*, 120 Wn. App. 351, 353, 90 P.3d 1079 (2004).

[2] Simpson also suggests that the sanctions may be enforceable against Byrd or could result in an economic loss to Byrd. The trial court was very clear in its orders that both sanctions are against *Simpson only*. Byrd is not responsible for paying the sanctions against Simpson.

[3] In his reply brief, Simpson addresses the sanctions and contempt order, but he still fails to meet the requirements of RAP 10.3(a)(6) because he does not provide any citations to the record or legal authority. Furthermore, we do not consider arguments made for the first time in a reply brief. *Ainsworth v. Progressive Cas. Ins. Co.*, 180 Wn. App 52, 78 n.20, 322 P.3d 6 (2014).

Therefore, we decline to consider whether the trial court erred in imposing sanctions or in holding Simpson in contempt of court.[4]

CONCLUSION

We dismiss this appeal.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

CRUSER, J.

We concur:

MAXA, J.

LEE, C.J.

---

[4] In his brief, Simpson raises multiple issues on Byrd's behalf that we decline to consider because those arguments are not properly before this court. The notice of appeal in this case is limited to the orders imposing sanctions, and the contempt order, against *Simpson*. This appeal has nothing to do with Mr. Byrd or his underlying tort action. Nor could Byrd have appealed the contempt order because he was not aggrieved by the court's contempt order. RAP 3.1; *Breda*, 120 Wn. App. at 353. Furthermore, Simpson provides no argument why a contempt order against Simpson is grounds for Byrd to circumvent our previous dismissal of Byrd's appeal with prejudice. *Elliot Bay Adjustment Co., Inc. v. Dacumos*, 200 Wn. App. 208, 213, 401 P.3d 473 (2017) ("A dismissal with prejudice constitutes a final judgment on the merits.").